JOSEPH KOSTIUK v. THOMAS P. QUEALLY

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued December 5, 1969—decided January 15, 1970

*Snow G. Munford,* for the appellant (defendant).

*William R. Davis,* with whom were *Lee G. Kuckro* and, on the brief, *Leon RisCassi,* for the appellee (plaintiff).

THIM, J. This case, which was tried before a jury, arose out of a two-car collision within the intersection of Russ and Hungerford Streets in Hartford. In a single paragraph, the plaintiff alleged in his complaint that the collision and his resultant injuries and damages were caused by the "carelessness and negligence of the defendant in one or more of the following ways: a. in that he was operating said motor vehicle at an excessive rate of speed having due regard for the traffic, weather, width and use of said highway and the intersection of streets; b. in that he failed to have said vehicle under proper and reasonable control; c. in that he failed to grant the right of way to the vehicle of the plaintiff; d. in that he failed to keep a proper and reasonable lookout for other vehicles upon said highway and within said intersection of streets; e. in that he failed to

sound his horn or give any other warning of this impending collision; f. in that he failed to turn said vehicle to the right or left so as to avoid a collision; g. in that he was operating said vehicle in a reckless manner in view of all of the conditions existing at said time and place, in violation of Section 14-222 of the Connecticut General Statutes made and provided in such cases; h. in that he was operating said vehicle in a northerly direction on Hungerford Street even though said street was a one-way street for southbound traffic, in violation of Section 14-239 of the Connecticut General Statutes made and provided in such cases."

The answer denied these allegations of negligence and pleaded by way of special defense that the plaintiff was contributorily negligent. In his reply, the plaintiff denied the allegations of the special defense. The jury returned a verdict for the plaintiff, and the defendant has appealed from the judgment rendered thereon. One of the grounds of this appeal concerns a portion of the charge given to the jury.

The case was submitted to the jury by the court upon the theory that the plaintiff had stated by the allegations in his complaint two distinct grounds of recovery: first, a case of negligence against the defendant, and second, one of reckless and wanton misconduct. No error is assigned in the instructions which the court gave as to what constituted negligence and contributory negligence under the circumstances. The court also instructed the jury as to what constituted "reckless and wanton misconduct". The court further instructed the jury that a finding of reckless and wanton misconduct would permit recovery notwithstanding contributory negligence. The defendant claims that the trial court erred in giving these instructions on the ground that

the allegations of the complaint did not support a charge of reckless and wanton misconduct. We agree for the reasons hereinafter set forth.

Ordinarily, "[w]here several acts of negligence cause but one injury, the plaintiff may allege all the acts of negligence in one count and aver that they were the cause," as was done in the instant case. *Hoffman* v. *Mohican Co.,* 136 Conn. 392, 395, 71 A.2d 921. But negligence and wilful and wanton misconduct are separate and distinct causes of action. *Bordonaro* v. *Senk,* 109 Conn. 428, 432, 147 A. 136; see *Heslin* v. *Malone,* 116 Conn. 471, 474, 165 A. 594.

"There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." *Brock* v. *Waldron,* 127 Conn. 79, 81, 14 A.2d 713; *Begley* v. *Kohl & Madden Printing Ink Co.,* 157 Conn. 445, 450, 254 A.2d 907; see *Mooney* v. *Wabrek,* 129 Conn. 302, 306, 307, 27 A.2d 631. In the instant case, the plaintiff alleged in one paragraph all of the defendant's acts which were claimed to have caused the injury. That paragraph set forth eight ways in which the defendant allegedly caused the plaintiff's injuries by his "carelessness and negligence." Seven of the specified acts refer only to negligence; the other refers to the defendant's operation of his vehicle "in a reckless manner . . . in violation of Section 14-222" of the General Statutes. We do not think that such a brief reference to recklessness, contained within a count which otherwise is clearly limited to ordinary negligence, is sufficient to raise a claim of reckless and wanton misconduct. "Simply using the word 'reckless' or 'recklessness' is not enough." *Dumond* v. *Denehy,* 145 Conn. 88, 91, 139

A.2d 58. "In *Puza* v. *Hamway*, 123 Conn. 205, 211, 193 Atl. 776, where a complaint alleged that a collision was caused solely by the 'negligence' of the defendant while driving his automobile in a careless, reckless and negligent manner, and several specifications of negligence followed, we held that the gravamen of the complaint was negligence." *Mooney* v. *Wabrek,* supra, 306. Where a complaint is one sounding in negligence and that negligence is alleged to consist in part in a violation of the statute forbidding the reckless operation of motor vehicles, the action will remain purely one of negligence. In such an action "contributory negligence of the plaintiff would be a defense, even though the negligence alleged consisted in part of a violation of that statute." *Heslin* v. *Malone,* supra, 475. Clearly the plaintiff had to do more in the complaint under consideration to bring reckless and wanton misconduct into the case. Because we hold that reckless and wanton misconduct was not properly in the case, it was harmful error for the court below to charge on it and to charge that the jury might permit recovery notwithstanding contributory negligence if they found that the defendant had acted recklessly.

Since wanton misconduct was not properly in this case, there is no merit to the plaintiff's claim that the general verdict rule, as set forth in such cases as *Barbieri* v. *Pandiscio,* 116 Conn. 48, 53, 163 A. 469, and *Ziman* v. *Whitley,* 110 Conn. 108, 115, 116, 147 A. 370, cures any claimed error in the charge as to reckless and wanton misconduct.

In view of our conclusions, we do not discuss the other claims of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.