[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (DOCUMENT No. 108)
The plaintiffs bring this personal injury action, arising from a motor vehicle accident, alleging that the plaintiffs' injuries and damages were caused by the defendant in that she violated various motor vehicle statutes and engaged in other conduct. In the first and third counts, the defendant's conduct (set forth in paragraph 3, subparagraphs (a) through (m)) is alleged to constitute "negligence." In the second and fourth counts, the plaintiffs repeat these specific allegations of the conduct of the defendant, but allege that the conduct constitutes "reckless indifference." The defendant has moved to strike the second and fourth counts, arguing that conduct which is negligent (according to the first and third counts) cannot also be reckless, and, therefore, these counts are legally insufficient.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). A motion to strike admits all well-pleaded facts, which must be construed in the light most favorable to the nonmovant. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988).
In order to maintain a cause of action sounding in recklessness, the claim of recklessness must be set out separately from any claim of negligence and must specifically identify the conduct which is alleged to have been reckless. See Warner v. Leslie-Elliot Constructors, Inc., 194 Conn. 124,138 (1984); see also Kostuik v. Queally, 159 Conn. 91, 94
(1970); Dumond v. Denehy, 145 Conn. 85, 91 (1958). The plaintiffs have met these two procedural requirements by setting out their claims of recklessness in counts separate CT Page 410 from the counts claiming negligence, and by enumerating in paragraph 3, subparagraphs (a) through (m) the exact conduct which is alleged to have been reckless. Generally, whether particular conduct rises to the level of recklessness is a question of fact to be determined by the trier of fact. Brock v. Waldron, 127 Conn. 79, 83 (1940).
Nevertheless, the plaintiffs have failed to allege facts sufficient to support their claims of reckless misconduct, since the conduct alleged to be reckless clearly sounds in negligence. See Brown v. Branford, 12 Conn. App. 106,110 (1987).
In the second and fourth counts, the plaintiffs allege that their injuries and damages "were caused by the reckless indifference of the defendant. . .to the plaintiff in one or more of the following ways:"
 (a) In that she failed to yield the right of way, when emerging from the parking lot and/or driveway onto the roadway, to vehicles approaching on such road-way, in violation of Section 14-247a
of the Connecticut General Statutes; and/or
 (b) In that she failed to yield the right of way while crossing a highway from a private road and/or driveway, to a vehicle approaching on said highway, in violation of Section 14-247 of the Connecticut General Statutes; and/or
 (c) In that she made an unsafe turn and/or she made a turn from an improper position on the highway, in violation of Section 14-242(a) of the Connecticut General Statutes, and/or
 (d) In that she failed to give a signal of her intention to turn her vehicle to the left, in violation of Section 14-242(b) of the Connecticut General Statutes, and/or failed to use the proper signal, in violation of Section 14-244 of the Connecticut General Statutes, and/or
 (e) In that she failed to obey the traffic signal, in violation of Section CT Page 411 14-299(b)(1) of the Connecticut General Statutes; and/or
 (f) In that she failed to keep her vehicle under proper and reasonable control; and/or
 (g) In that she failed to keep a proper and reasonable lookout for other motor vehicles upon the highway; and/or
 (h) In that she failed to apply her brakes in time to avoid a collision, although by a reasonable and proper exercise of her faculties, she could and should have done so; and/or
 (i) In that she failed to turn her motor vehicle to the left or the right so as to avoid a collision, although by a reasonable and proper exercise of her faculties, she could and should have done so; and/or
 (j) In that she drove her vehicle in a reckless fashion, in violation of Section 14-222 of the Connecticut General Statutes; and/or
 (k) In that she operated her motor vehicle when it was not equipped with brakes adequate to bring it to a controlled stop within the distance and under the conditions prescribed and when the brakes were not in good working order in violation of Section 14-80 of the Connecticut General Statutes; and/or
 (l) In that she was operating her vehicle with unsafe tires in violation of Section 14-98a of the Connecticut General Statutes; and/or
 (m) In that she was operating her motor vehicle at an unreasonable rate of speed having due regard for the traffic, weather, width and use of the highway and the intersection of streets.
CT Page 412
The bare allegation that certain conduct is reckless is legally insufficient to raise an actionable claim of reckless misconduct. Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 46 (1985). Sufficient facts must be alleged to infer that the defendant's conduct went beyond mere negligence. Dean v. Ballas, 4 CSCR 864 (Mancini, J., October 30, 1989). "A plaintiff cannot transform a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence." Brown v. Branford, 12 Conn. App. at 110.
The three terms of wilful, wanton and reckless, in practice, are treated as having the same meaning. Dubay v. Irish, 207 Conn. 518, 533 (1988) (footnote omitted). Reckless and wanton misconduct, "`tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . .'" Dubay, 207 Conn. at 533, quoting W. Prosser W. Keeton, Torts (5th Ed.) section 34 p. 214.
The plaintiffs have alleged insufficient facts necessary to support their claims of reckless misconduct. Accordingly, the defendant's motion to strike counts two and four is granted.
WALSH, J.