[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
I.
Facts
On October 30, 1990, the plaintiff Heather A. Anderson was driving an automobile which was involved in an auto accident with a vehicle driven by the defendant Aldo Ansaldi. It is alleged in count one of the complaint that the defendant Ansaldi was negligent and careless in that he operated a vehicle "at an unreasonable rate of speed having due regard for traffic, weather, width and use of the highway and CT Page 311 the intersection of streets." Count one also alleges that defendant Ansaldi travelled at an unreasonable rate of speed in violation of Connecticut General Statutes 14-218a and14-219.
Count two of the complaint repeats the allegations of fact contained in count one and further states that such alleged conduct demonstrates "reckless disregard of the plaintiff's safety." Thus, count two seeks to establish a claim of recklessness.
 II.
Discussion
The defendant moves to strike count two of the complaint arguing that a claim of recklessness cannot be established by relying upon those same facts used to establish negligence.
Where one count of a complaint sounds in negligence and another count attempts to state a cause of action for recklessness by relying on the same fact pattern as the negligence count and simply referring to such conduct as reckless, a cause of action for recklessness has not been sufficiently alleged. Varlese v. Beers, 3 Conn. L. Rptr. 474 (1991) Sullivan, J.; Holloway v. Silberberg, 2 Conn. L. Rptr. 289, 290 (1990) Hartmere, J. In Kostiuk v. Queally, 159 Conn. 91,94 (1970) our Supreme Court stated:
 We do not think that such a brief reference to recklessness, contained within a count which otherwise is clearly limited to ordinary negligence, is sufficient to raise a claim of reckless and wanton misconduct. Simply using the word "reckless" or "recklessness" is not enough.
Citing Dummond v. Denehy, 145 Conn. 88, 91 (1952).
As the plaintiff has not sufficiently alleged a cause of action sounding in recklessness, the motion to strike is granted.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT CT Page 312