[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE COUNTS TWO AND THREE CT Page 7504
This is a three count complaint seeking to recover damages for injuries sustained in a motor vehicle accident. In the first count, entitled "Negligence," the plaintiff makes several allegations of common law and statutory negligence including C.G.S. 14-227a (operating under the influence). In the second count, entitled "Recklessness," the plaintiff alleges that his injuries, damages and losses were caused by the recklessness of the defendant in a number of specifications, including operating under the influence of intoxicating liquors and violating C.G.S.14-222 (reckless driving). In the third count entitled "Double Treble Damages," the plaintiff alleges that the collision was caused by the conduct of the defendant, in that she "deliberately and with reckless disregard" operated her vehicle in violation of several statutes including C.G.S. 14-218a,14-227a and 14-222, and seeks money damages, punitive damages and double treble damages pursaunt [pursuant] to General Statutes 14-295.
Defendant moves to strike the second and third counts on the ground that the plaintiff has alleged insufficient facts in those counts to support a claim of reckless conduct and the concomitant claims of punitive and double or treble damages because the counts are devoid of specific factual allegations which would support claims for recklessness and for double or treble damages under C.G.S. 14-295.
It is true that a count in negligence cannot be transformed into a count for reckless or wanton conduct simply by using adjectives that connote reckless conduct Kostiuk v. Queally,159 Conn. 91 (1979). Mere allegations of recklessness are insufficient unless supported by specific facts. Warner v. Leslie-Elliott Consultors, Inc., 194 Conn. 129, 139 (1984).
However, C.G.S. 14-295 provides:
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of sections 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in CT Page 7505 causing such injury, death or damage to property. (emphasis added.)
While the allegations of the second and third counts are somewhat conclusory and similar to the allegations of negligence in the first count, if proven they seem to meet the requirements of 14-295 and are sufficient to allow proof of conduct egregious enough to rise to the level of recklessness and to support a claim for double or treble damages.
Motion to Strike Counts Two and Three denied.
Wagner, J.