[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A motion to strike is the proper procedure for contesting the legal sufficiency of counts within a complaint. Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). The motion to strike admits well pleaded facts but does not admit legal conclusions. Id., 215. The facts in the complaint must be construed most favorably to the plaintiff. Id.
General Statutes 14-295 requires the party to specifically plead "that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section14-218a, . . . 14-222 . . . and that such violation was a substantial factor in causing such injury, death or damage to property."
Reckless conduct is more than negligence or gross negligence. Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988). "`The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them.'" (Citation omitted.) Id. Recklessness "`"is such conduct as indicates reckless disregard of the just rights or safety of others or of the consequences of the action."'" (Citations omitted.) Id. Thus, the plaintiff must allege facts to show that the Defendant acted recklessly or intentionally beyond the facts supporting the claim for negligence. Kostiuk v. Queally, 159 Conn. 91, 94-95,267 A.2d 542 (1970); Lezotte v. Hanover Insurance Co.,8 Conn. L. Rptr. 199, 200 (January 6, 1993, Sylvester, J.).
The plaintiffs have not pleaded facts that support their claim that the defendant acted recklessly. Accordingly, the defendant's motion to strike counts two and four is granted.
/s/ Sylvester, J. SYLVESTER CT Page 2516