[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiffs have pleaded, in each of the first, third and fifth counts respectively ten allegations of common law and statutory negligence to support these negligence counts for each CT Page 5261-AAAAAAA of the three plaintiffs. One of the sub-paragraphs of each of the counts, sub paragraph 6g alleges that the defendant "Operated her vehicle in a reckless and dangerous manner, in violation of Connecticut General Statutes § 14-222."
The plaintiffs, by separate counts two, four and six, having incorporated other paragraphs of the respectively preceding count, but not incorporating the allegations of negligence paragraph 6 of the preceding count, then allege as paragraph 6 of counts two, four and six the following allegation:
"6. The defendant, Jeane Chasse, deliberately or with reckless disregard drove her vehicle at an excessive rate of speed and in a dangerous and reckless manner, in violation of Connecticut General Statutes §§ 14-218a and 14-222." The plaintiffs claim in their request for relief "b. Double or Treble damages, pursuant to General Statutes § 14-295."
General Statutes § 14-295 provides in relevant part ". . . the trier of fact may award double or treble damages if the injured party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, . . .,14-222, . . .and that such violation was a substantial factor in causing such injury, death or damage to property."
The defendant moves to strike the second, fourth and sixth count of the complaint "for the reason that a plaintiff cannot use the same facts or allegations which he has used to support a claim for negligence as a basis for the recovery of double/treble damages under § 14-295 of the Connecticut General Statutes." Two of the statutory violations, §§ 14-218a and 14-222 are specifically set forth in the challenged counts.
The defendant appears to claim that the plaintiff must allege additional physical facts to properly set forth a claim of "deliberately or with reckless disregard."
There is a division of authority amongst reported Superior Court decisions concerning the defendant's contention. It serves little purpose to reiterate in this decision the various Superior Court decisions relating to this division of authority.
To understand the implications of reckless misconduct, the nature of the factual conclusion of recklessness must be understood. CT Page 5261-BBBBBBB
"Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is `more than gross negligence. . . The state of mind amounting to recklessness maybe inferred from conduct.'" Dubay v. Irish, 207 Conn. 518, 532
(1988). (Emphasis added; internal quotations omitted)
Recklessness may exist without the manifestation of any external act to support an inference of recklessness. The same external act or transgression — going through a stop sign, for example — may be the result of mere inadvertence; or of a callous or heedless disregard for the safety of others; or the product of an affirmative intent to disregard the stop sign. The absence of other erratic behavior does not in and of itself resolve the question of the state of consciousness of the actor, although the presence of such erratic behavior may support an inference of recklessness.
The plaintiff has the right to prove the asserted fact of recklessness, that "state of consciousness", even in the absence of external physical evidence upon which to base an inference. Effective cross examination of a party, or evidence of admissions, is often the most effective means of accomplishing this purpose. The plaintiff having alleged recklessness cannot be foreclosed from exploring that avenue of evidence merely because of a lack of external physical evidence. A proper analogy is appropriate as concerns the criminal law where the very words of an accused may be adequate to establish intent regardless of the absence of external physical evidence to demonstrate intent.
The plaintiffs have followed proper procedure by setting forth the cause of action concerning recklessness or deliberateness in a separate count.
 "But negligence and willful and wanton misconduct are separate and distinct causes of action." Kostiuk v. Queally, 159 Conn. 91, 94 (1970).
 "We do not think that such a brief reference to recklessness contained within a count which otherwise is clearly limited to ordinary negligence is sufficient to raise a claim of reckless and wanton misconduct." Kostiuk v. Queally, supra p. 94 (emphasis added).
CT Page 5261-CCCCCCC
There may be some confusion as to whether the plaintiffs have limited their allegation of recklessness to recklessly operating at an excessive rate of speed. The allegation of the recklessness counts allege violations of General Statutes § 14-218a, the speeding statute, and also § 14-222, the reckless driving statute which contains a clause that causes a rate of speed to endanger the life of any person to be a violation of the reckless driving statute in and of itself. Read most liberally, however, the reference to General Statutes § 14-222 could be interpreted to mean any type of unspecified physical act or omission act motivated by recklessness unrelated to the specific physical act or omission of excessive speed. This may be a matter for clarification under Practice Book § 147, Request to Revise; as may be a clarification of the general allegations of a violation of General Statutes § 14-222, or the propriety thereof, in the body of the negligence count, para. 6g. Kostiukv. Queally, supra, p. 94.
The court determines that the plaintiffs have pleaded a cognizable cause of action in the second, fourth and sixth count of the complaint. It is for the eventual determination of the trial judge to decide whether the plaintiffs will have produced sufficient evidence to allow the reckless-deliberate counts to be considered by the trier of fact. All parties should be given the opportunity to engage in discovery concerning evidence expected to be produced on this subject.
For the reasons set forth herein, the motion to strike is denied.
L. PAUL SULLIVAN, J.