[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 25, 1996
The defendant moves to strike the second count of the complaint. The second count alleges a violation of General Statutes 14-295, which allows for double or treble damages in the event the plaintiff proves that the defendant "has deliberately or with reckless disregard operated a motor vehicle in violation of Section 14-218a . . ." The plaintiff has pleaded, in the separate count that "The defendant deliberately and/or with reckless disregard operated motor vehicle in violation of Section14-218a of the Connecticut General Statutes . . ."
General Statutes 14-218a is the statute captioned "traveling unreasonably fast." It is one of the enumerated statutes, the deliberate or reckless violation of which gives rise to the remedy of double or treble damages, at the discretion of the trier of fact. The defendant moves to strike, claiming that it is necessary to allege further facts to support a claim of deliberate or reckless violation of General Statutes 14-218a so as to support a claim under General Statutes 14-295.
 Recklessness is a state of consciousness with reference to the consequences of one's acts . . . It is more than gross negligence . . . The state of mind amounting to recklessness may be inferred from conduct.
Dubay v. Irish, 207 Conn. 518, 532 (1988). (Emphasis added, internal quotations omitted.)
Recklessness, the fact of a particular state of consciousness, may exist either with or without any outward physical manifestations, i.e. conduct, from which an inference may be drawn. The presence of physical manifestations are not necessary to support a finding of recklessness or intent. State of mind may be proven by other evidence, such as the testimony or the admissions of the party sought to be charged. Discovery, and not pleadings, are the proper method to determine the existence of evidence.
The second count of the complaint properly sets forth a cause of action under General Statutes 14-295, in a separate count.Kostiuk v. Queally, 159 Conn. 91, 94 (1970).
The motion to strike count two of the complaint is denied.
SULLIVAN, L., J. CT Page 5592