[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 124
The defendant Rugby Building Products, Inc.'s motion to strike (No. 124) the second count of the plaintiff's revised amended complaint dated November 1, 1996, and the corresponding prayer for relief seeking double and treble damages under General Statutes § 14-295 is granted. In count two of her personal injury complaint, the plaintiff reiterates the facts previously asserted to support her claim of negligence in count one and adds that such previously alleged conduct was committed "deliberately or with reckless disregard." The plaintiff asserts no new facts to establish her claim of recklessness.
"The reiteration of acts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." Comparone v. Cooper, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293125 (August 27, 1992, Lewis, J., 7 C.S.C.R. 1108). See also Brown v.Branford, 12 Conn. App. 106, 110, 529 A.2d 743 (1987); Lezotte v.Hanover Insurance Co., Superior Court, judicial district of Waterbury, Docket No. 112067 (January 6, 1993, Sylvester, J.,8 C.S.C.R. 156). "There is a wide difference between negligence and a reckless disregard of the rights or safety of others . . ."Kostiuk v. Queally, 159 Conn. 91, 94, 267 A.2d 452 (1970); and "[s]imply using the word `reckless' or `recklessness' is not enough." Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58 (1958). Count two of the plaintiff's complaint is legally insufficient as it does not contain a sufficient factual basis to support a claim of recklessness, and that absent such facts, the mere inclusion of the words "deliberately or with reckless disregard" constitutes a legal conclusion insufficient to survive a motion to strike. See Faulkner v. United Technologies Corporation,240 Conn. 576, 588, ___ A.2d ___ (1997) ("[a] motion to strike admits all facts well pleaded; it does not admit legal conclusions . . ."); see also Comparone v. Cooper, supra. Accordingly, the defendant's motion to strike count two of the plaintiff's complaint and the corresponding prayer for relief seeking double and treble damages pursuant to General Statutes § 14-245 is granted, as stated above.
Stodolink, J.