[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (#119)
The plaintiff, Patrick Gear, while employed by the defendant, Environmental Concepts, Inc. (ECI), allegedly sustained physical and emotional injuries while working at a contaminated site. Gear filed a four-count complaint against ECI, Hansen Cummins, president of ECI, AIG Environmental Management (AIG EM) and AIG Insurance Company (AIG). ECI and Cummins now move to strike[1]
counts one (assault), three (intentional infliction of emotional distress) and four (fraud) of the plaintiff's second amended complaint.
I. Factual and Procedural Background
In his second amended complaint, Gear alleges that in 1996, defendants AIG EM and/or AIG contracted with ECI to "remediate" a contaminated site located at 2440 Culvert Street in Washington, D.C. Earlier, an oil company discharged several hundred gallons of oil into the basement of a building at the site (evidently unaware that the oil tank had been removed) and although the oil company attempted to clean up the spill, additional work still needed to be done to make the site safe. Consequently, AGI hired ECI and, in January of 1997, Gear, working under the direction and supervision of AGI and ECI, excavated soil from a crawl space located in the basement. Gear claims that the levels of contamination at the site exceeded federal standards and, therefore, the defendants recklessly disregarded his rights and safety, causing him physical and emotional injuries.
In January of 1999, the plaintiff filed a four-count complaint against the defendants, which he then amended. He subsequently filed a second amended complaint on July 9, 1999. On July 20, 1999, defendants ECI and Cummins filed a motion to strike the plaintiff's second amended complaint and submitted the CT Page 16288 requisite memorandum of law. Thereafter, on August 23, 1999, the plaintiff filed a memorandum of law in opposition to the defendants' motion to strike.
II. Standard of Review
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Brackets in original; citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1999). "A motion to strike `admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions
stated in the pleadings.' (Emphasis in original). Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985)." Faulkner v.United Technologies Corp. , 240 Conn. 576, 588, 693 A.2d 293
(1997). See also Practice Book § 10-1.
A claim that an action is barred by the exclusivity provisions of the Workers' Compensation Act may properly be raised on a motion to strike. See Jett v. Dunlap, 179 Conn. 215,219-20, 425 A.2d 1263 (1979); DeOloveira v. Ross Roberts, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 278480 (November 25, 1991) (Spear, J.).
III. DISCUSSION
A. Workers' Compensation Act
The defendants argue that the plaintiff failed to factually support his claims of intentional misconduct and, therefore, counts one, three and four cannot defeat the provisions the Workers' Compensation Act (General Statutes § 31-284), which prohibit employees from suing employers for work-related injuries. The plaintiff counters that the exclusivity provisions of the Workers' Compensation Act do not bar his complaint.
The Workers' Compensation Act provides, in relevant part: "An employer . . . shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment [.]" Connecticut appellate courts have consistently "interpreted the exclusivity provision CT Page 16289 of the act, General Statutes § 31-284 (a), as a total bar to common law actions brought by employees against employers for job related injuries with one narrow exception that exists when the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct." Suarez v. DickmontPlastics Corp. , 229 Conn. 99, 106, 639 A.2d 507 (1994) (Suarez I). The Supreme Court further stated that in order to circumvent "the exclusivity of the act, the intentional or deliberate act or conduct alleged must have been designed to cause the injury that resulted." (Emphasis in original; internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp. , 242 Conn. 255, 281,698 A.2d 838 (1997) (Suarez II).
"A plaintiff cannot transform a negligence count into a count of wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence. SeeKostiuk v. Queally, supra [159 Conn. 91, 267 A.2d 452 (1970)], 94; Dumond v. Denehy, 145 Conn. 88, 90-91, 139 A.2d 58 (1958)."Brown v. Branford, 12 Conn. App. 106, 110, 529 A.2d 743 (1987); see also Elliott v. Waterbury, 245 Conn. 385, 415, 715 A.2d 27
(1998).
Moreover, within an employer-employee, context, "[e]ven if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, wilfully failing to furnish a safe place to work, or even wilfully and unlawfully violating a safety statute . . . this still falls short of the kind of actual intention to injure that robs the injury of accidental [i.e., non-intentional] character. 6 A. Larson L. Larson, Workmen's Compensation (1997) § 6813, pp. 13-55 through pp. 13-70."Melanson v. Town of Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 575312 (June 30, 1998) (Rittenband, J.) A "[b]are conclusory allegation of intent to injure is not enough." Id.
The plaintiff incorporates the allegations contained in paragraphs one through twenty-seven of count one (assault) in counts three (intentional infliction of emotional distress) and four (fraud). The substantive paragraphs of count one, taken verbatim, allege that:
 "On the first day of work at the Site, at the direction of Cummins and under the supervision of AIG and/or AIGEM, Gear CT Page 16290 entered the entrance to the crawlspace on his hands and knees because the vertical clearance was about two feet from the underside of the first floor joist to ground level. The scope of work included removing all contaminated material to a federally safe breathable level. Upon information and belief, each and every Defendant assumed a direct obligation to Gear to assure Gear's safety. The soil was first jack hammered to loosen it, then shoveled into a plastic square container attached to a rope. When full, the container was pulled by a rope to the outside of the entrance, there to be placed into drums, sealed and taken off site by a federally licensed contractor. Gear was the technician/laborer sent in to extract and excavate the soil. Cummins stayed outside to retrieve the container of soil and place it into drums. April Drause monitored samples in glass jars sent out by Gear for analysis with a portable petro-flag kit and recorded the levels of contamination of the samples. The equipment Gear was issued was a disposable Tyvek suit and a paper painter's dust mask. On occasion, April Drause would enter the excavation area and take a reading to determine how high the level of contamination was. After the fact, Gear was informed some of the readings exceeded 1500 pp, (Federal Regulations state anything over 500 pp, puts a person in danger of life and health) Several days after the start of the project, canister cartridge half-face respirators were purchased and issued. At the conclusion of the project Gear was discharged. Upon information and belief, ECI personnel were required to be trained or at least briefed on confined space entry. No training took place at any time, nor was any warning given when levels of contamination exceeded federal guidelines. The Defendants, individually and collectively, upon information and belief, intended to, or acted with reckless disregard to the rights and safety of Gear. Upon information and belief, each of the Defendants intended to cause the injury suffered by Gear by allowing him to enter such space or acted with reckless disregard to his safety. All of AIG, AIGEM, ECI and Cummins, individually, had a duty to provide warning to Gear that the space he was entering was hazardous and to provide to him sufficient training and adequate safety equipment. Each of the Defendants failed to provide such warning intentionally and knowingly allowed Gear to enter the confined space severe damage to Gear. The acts of each Defendant constituted acts of violence and unlawful force. Gear has suffered both physical damage due to serration in his lungs and emotional damage due to the fear of impending death or serious future physical problems." (Plaintiff's Second Amended Complaint, count one, ¶¶ 15-29). Count three additionally CT Page 16291 alleges: "The actions of the Defendants were extreme and outrageous, were intended by each Defendant to cause injury; and have cause severe emotional distress on Gear, including loss of sleep, anxiety, fear of impending death or physical harm, thereby causing sever damage." (Id., count three, ¶ 630.) Count four additionally alleges: "Each of the Defendants knew or should have known that Gear was solicited to perform the work at the Site knowing that Gear believed that the Site was a safe working environment. Each of the Defendants knew or should have known that this was untrue and all representations made at the time that Gear would be operating in a safe working environment were falsely made." (Id., count four, ¶¶ 31-32.)
Even when construed in a mariner most favorable to the nonmoving party, the plaintiff's largely conclusory allegations do not support an inference that the defendants intentionally sought to injure the plaintiff or acted with the "express purpose of accomplishing such a result." Suarez v. Dickmont PlasticsCorp. , supra, 242 Conn. 255, 280. Inclusion of the words ""intentionally and knowingly" do not constitute additional facts from which one can reasonably infer that the defendants intentionally designed to injure the plaintiff.
Accordingly, since the plaintiff has failed to provide the factual predicate necessary to avoid the exclusivity provisions of the Workers' Compensation Act; see Jett v. Dunlap, supra,179 Conn. 215, 219-220; the defendants' motion to strike counts one, three and four of the plaintiff's second amended complaint ought to be granted.
B. Failure to State Legally Sufficient Causes of Action
The defendants also argue that the plaintiff has failed to allege the requisite elements of assault (count one) and sufficient facts to support a claim for intentional infliction of emotional distress (count three) The plaintiff did not brief these issues.
1. Trespass for Assault
A common law action of trespass for assault requires allegations that show or tend to show that the defendant intended to cause the plaintiff an imminent apprehension of harmful or offensive bodily contact. Restatement (Second), Torts, § 21. "Assault `has been defined as any attempt with force or violence CT Page 16292 to do corporeal offense to another, coupled with the present apparent ability to complete the act.' D. Wright, J. FitzGerald 
W. Ankerman, Connecticut Law of Torts (3rd Ed. 1991) c. 2, § 6, p. 8." Comrie v. Hinds, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 521854 (April 18, 1996) (Lavine, J.). See also Prosser and Keeton on Torts, 5th Ed. 1984, § 10, p. 46 ("Assault and battery go together like ham and eggs."); DeWitt v. John Hancock Mutual Life Ins. Co.,5 Conn. App. 590, 594-95, 501 A.2d 768 (1985).
IV. Conclusion
In conclusion, the plaintiff has failed to allege facts that would remove his claims from the ambit of the Workers' Compensation Act. In addition, the plaintiff failed to state legally sufficient causes of action for the intentional torts of assault and infliction of emotional distress. Accordingly, the defendants' motion to strike counts one, three and four of the plaintiff's second amended complaint ought to be and is hereby granted.
By the Court
Arena, J.