[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff pleads, in a second count, that the defendant recklessly violated General Statutes § 14-227a in operating a motor vehicle while his ability to operate was impaired by the consumption of alcohol. He further alleges, in said second count that the defendant operated his vehicle recklessly when suddenly and without warning turned into the plaintiff's lane of travel in violation of General Statutes § 14-222. The plaintiff had pleaded a negligent violation of this latter statute in the first count of the complaint, sounding in negligence.
The defendant moves to strike the second count of the complaint on the basis that "a count sounding in recklessness cannot be supported by a bare allegation that certain conduct is reckless."
"Recklessness is a state of consciousness with reference to the consequences of one's acts. It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct. Dubay v. Irish, 207 Conn. 518, 532
(1988) (emphasis added).
Because recklessness is a state of mind, a fact, it may exist without any manifestation of additional outward bizarre or egregious acts but, may be demonstrated by cross examination or discovery to determine a reckless state of mind. Additional physical acts need not be alleged. The same omission may be either negligent, or reckless, depending upon the proof of the state of mind of the actor.
Recklessness must be pleaded in a separate count. Kostiuk v.Queally, 159 Conn. 91 (1970). This was here accomplished.
The motion to strike is denied.
L. Paul Sullivan