[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I.
On March 19, 2001, the plaintiffs, Gary Clark and Laura Zase, filed an amended complaint alleging thirteen counts against the defendants, CJJ Leasing Corporation (CJJ) and Thermo King of Hartford (Thermo King). The suit arises out of an arrangement wherein Thermo King provided the plaintiffs, who are internationally recognized collectors of and authorities on American Flyer S gauge trains, with a dry freight trailer in order to store a large portion of the plaintiffs' model train collection and personal and financial records for $65 per week. The complaint alleges that on May 1, 1998, the dry freight trailer, complete with trains and records inside, was moved to one of Thermo King's locations in East Windsor, Connecticut; and on May 2, 2000, Thermo King sold the plaintiffs' trains and disposed of their personal and financial records without their permission.
Presently before the court is the defendants' motion to strike count five (Connecticut Unfair Trade Practices Act, General Statutes §42-110a et. seq., [CUTPA] as to Thermo King), count six (CUTPA as to CJJ), seven (reckless and wanton misconduct as to Thermo King), count eight (reckless and wanton misconduct as to CJJ), count eleven (breach of agreement as to Thermo King and CJJ), count twelve (covenant of good faith and fair dealing as to Thermo King and CJJ), and count thirteen (CUTPA as to Thermo King and CJJ), of the plaintiffs' amended complaint and the claims for relief of attorney's CT Page 11603 fees and punitive damages on the grounds that they are legally insufficient and repetitive.[1] On June 15, 2001, the plaintiffs filed an objection to the motion to strike along with a memorandum in support of their objection.
 II.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Id., 580. The plaintiff is not required to expressly allege facts if they are necessarily implied. See Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998).
 A Counts Five and Six
The defendants argue that the plaintiffs have failed to allege sufficient facts to support their allegations that the defendants engaged in unfair or deceptive trade practices or that they have suffered a consumer injury. The plaintiffs argue that paragraph nine[2] alleges intentional acts by the defendants and that paragraph ten alleges that these acts and omissions were deceptive and violate CUTPA. Hence, the plaintiffs argue that counts five and six have set forth legally sufficient allegations to withstand a motion to strike.
"It is well settled that in determining whether a practice violates CUTPA [Connecticut has] adopted the criteria set out in the `cigarette rule' by the federal trade commission [FTC] for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]." (Internal quotation marks omitted.) Willow Springs Condominium Assn., Inc. v.Seventh BRT Development Corp., 245 Conn. 1, 43, 717 A.2d 77 (1998). CT Page 11604 "[U]njustified consumer injury is the primary focus of the FTC Act, and the most important of the three . . . criteria. . . . To justify a finding of unfairness the injury must satisfy three tests. It must be substantial; it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must be an injury that consumers themselves could not reasonably have avoided."Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 592,657 A.2d 212 (1995).
"A majority of the Superior Court cases support the claim that a simple breach of contract, even if intentional, does not amount to a violation of CUTPA; a claimant must show substantial aggravating circumstances to recover under the Act." Enviro Express, Inc. v. Bridgeport Resco. Co.,L.P., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 374626 (February 15, 2001, Melville, J.); see also Day v. YaleUniversity School of Drama, Superior Court, judicial district of New Haven at New Haven, Docket No. 400876 (March 7, 2000, Licari, J.) (26 Conn. L. Rptr. 634, 639). CUTPA claims may survive a motion to strike if the plaintiff alleges sufficient aggravating factors beyond a simple breach of contract. Morris v. Brookside Commons Ltd. Partnership, Superior Court, judicial district of Hartford at Hartford, Docket No. 581130 (February 2, 2000, Stengel, J.).
Construing the allegations in the light most favorable to the plaintiffs, the plaintiffs have sufficiently pleaded acts beyond a simple breach of contract. The plaintiffs contend that the defendants were aware that the value of the trains in the dry freight trailer was in excess of $300,000. The plaintiffs further assert that the defendants failed to sell the trains in a commercially reasonable manner or inform the plaintiffs of the date, time and place of the sale. If proven, this conduct might well constitute unscrupulous conduct and thus an aggravation of a simple breach of contract. See Enviro Express, Inc. v.Bridgeport Resco. Co., L.P., supra, Superior Court, Docket No. 374626. Therefore, the defendants' motion to strike counts five and six of the plaintiffs' amended complaint is denied and the corresponding claims for relief of attorney's fees and punitive damages is also not stricken.
 B Counts Seven and Eight
The defendants contend that counts seven and eight should be stricken since the plaintiffs have failed to allege conduct that rises to the level of recklessness and simply reincorporates their earlier allegations of breach of agreement. The plaintiffs disagree and argue that paragraph nine alleges intentional acts by the defendants and that paragraph ten CT Page 11605 alleges that the acts and omissions set out do in fact rise to the level of recklessness.
"[A] complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." (Internal quotation marks omitted.) Kostiuk v. Queally, 159 Conn. 91,94, 267 A.2d 452 (1970). "Simply using the word reckless or recklessness is not enough." (Internal quotation marks omitted.) Id. The court has determined that "[i]n order to establish that the defendants' conduct was . . . reckless . . . the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134,181, 749 A.2d 147 (2000).
The plaintiffs do not allege sufficient facts to establish that the defendants' conduct was "highly unreasonable," "an extreme departure from ordinary care" or that "a high degree of danger is apparent." The plaintiffs make conclusory allegations in their amended complaint that "as a result of the reckless and wanton misconduct of Thermo King [and CJJ] Clark/Zase have suffered great loss and damage." These allegations are insufficient to establish facts to support the reckless claim. Simply incorporating count one (breach of agreement as to Thermo King) and count two (breach of agreement as to CJJ) and labeling it a recklessness cause of action is inadequate, therefore, the motion to strike counts seven and eight of the plaintiffs' amended complaint is granted.
 C Counts Eleven, Twelve and Thirteen
The defendants argue that counts eleven, twelve and thirteen simply repeat the allegations in counts one through six. Specifically, the defendants argue that Practice Book § 10-1 requires plain and concise pleadings and that Practice Book § 10-26 provides separate causes of action must be set forth in separate counts. The plaintiffs agree with the defendants' interpretation of § 10-26, but they argue that counts CT Page 11606 eleven, twelve and thirteen allege that Thermo King and CJJ acted in concert regarding the facts alleged in said counts, as opposed to individually as set out in counts one through six.
Practice Book § 10-35 provides: "Whenever any party desires to obtain . . . the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading . . . may file a timely request to revise that pleading." The proper procedural vehicle through which to eliminate duplicative claims is a request to revise. Eaton v. Geico Ins. Co., Superior Court, judicial district of Danbury, Docket No. 334469 (February 9, 2001,Hiller, J.); Hill v. Cohen Wolf, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 165763 (August 28, 2000,D'Andrea, J.). Accordingly, as a motion to strike is not the proper procedure to seek deletion of repetitive allegations in a complaint, the defendants' motion to strike as to counts eleven, twelve and thirteen of the plaintiffs' amended complaint is denied.
 CONCLUSION
The court denies the motion to strike regarding counts five, six, eleven, twelve and thirteen of the plaintiffs' amended complaint, and the court grants the motion to strike regarding counts seven and eight of the plaintiffs amended complaint.
Stengel, J.