[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE #105
The Plaintiff, Michele Monighetti-Boyle, filed this action on October 11, 2000, against the Defendants, Alma and Francis Lopes, for injuries arising out of a motor vehicle accident that occurred on September 30, 1998. In Count One, the Plaintiff claims negligence on the part of the Defendants for striking the rear of her vehicle, and in Count Two, the Plaintiff alleges recklessness for the same action.
The Defendant, Alma Lopes, moves to strike Count Two, and the corresponding prayer for relief seeking punitive damages, on the ground that the count is legally insufficient. Specifically, the Defendant argues that Count Two is merely a reallegation of the negligence claim labeled as recklessness without any facts to support it. The Plaintiff argues that the motion to strike should be denied because the allegations contained in Count Two are legally sufficient to support a cause of action sounding in recklessness.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) CT Page 12586 Id., 580. The plaintiff is not required to expressly allege facts if they are necessarily implied. See Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998).
Our Supreme Court has held that "[r]ecklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . Wanton misconduct is reckless misconduct. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . Wilful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse. (Citations omitted; internal quotation marks omitted.) Dubayv. Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988).
This Court has previously ruled on this issue. See, e.g., Rios v.Carlson, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 467500 (November 13, 1995, Fineberg, J.); Brodueurv. Carter, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 468758 (October 24, 1995, Fineberg, J.). In its prior decisions, the Court has taken the view that "a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." (Internal quotation marks omitted.) Kostiuk v. Queally, 159 Conn. 91, 94, 267 A.2d 452 (1970). "Simply using the word reckless or recklessness is not enough." (Internal quotation marks omitted.) Id.
The Plaintiff makes conclusory allegations in her amended complaint that the Defendant "deliberately or with reckless disregard operated said motor vehicle recklessly" and that as a result of the recklessness of the Defendant she suffered serious injuries. These allegations are insufficient to establish facts to support the recklessness claim. The inclusion of the allegation in paragraph eight that the Defendant "made no attempt to stop before crashing at a high rate of speed" into the Plaintiff's vehicle is insufficient to allege a "state of mind amounting to recklessness." Dubay v. Irish, supra, 207 Conn. 532. Therefore, the Defendant's motion to strike Count Two of the complaint and the corresponding prayer for relief is granted.
David L. Fineberg Superior Court Judge