[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #131
 FACTS
November 1, 2002, the plaintiff, Trina Polanco, individually, as administratrix of the estate of her decedent husband, Luis Alejo, and as parent and next kin to the minor plaintiffs, Luis Alejo, Elena Alejo, and Nickolas Polanco; and the plaintiff, Juan Andujar, filed a sixty-four count complaint against the defendants National City Leasing Corporation (National), Billy Kitchens (Kitchens), Soneco/Northeastern, Inc., now known as Terra Firma, Inc. (Terra Firma), and Thames River Associates Limited Partnership (Thames River), seeking damages for the alleged wrongful death of Alejo and injuries sustained by Andujar.[1] On November 9, 2001, E.C. Paving, LLC, seeking reimbursement for workers' compensation expenditures, filed a motion to intervene as co-plaintiff, which was granted by this court, Hurley, J.
The plaintiffs allege the following facts. Andujar and the decedent were employed by E.C. Paving, LLC. While the decedent was laying cement platforms in the course of his employment and Andujar was working on-site near the decedent, a cement mixer owned by National, leased to Terra Firma and operated by Kitchens, suddenly and without prior warning, advanced through the concrete form being laid and over the decedent, pinning the decedent under the cement mixer. As a result, Andujar suffered personal injuries and the decedent suffered serious injury and ultimately death.
On May 3, 2002, National moved to strike counts thirty-four, thirty-six, thirty-eight, forty-six and forty-eight on the ground that the plaintiffs failed to sufficiently allege claims of recklessness;[2]
counts thirty-nine through forty-four on the ground that Connecticut does not recognize claims for loss of parental consortium;[3] and counts forty-seven and forty-eight on the ground that Andujar's relationship to CT Page 12666 the decedent was not sufficiently close to satisfy a claim for bystander emotional distress.[4] National attached a memorandum of law in support. On June 14, 2002, the plaintiffs filed an objection to National's motion to strike, attaching a memorandum of law in support.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "[A]ll well-pleaded facts and those necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Gazo v.Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Id.
"A motion to strike is the proper procedural vehicle . . . to test whether Connecticut is ready to recognize some newly emerging ground of liability." (Internal quotation marks omitted.) Lee v. Demirjian, Superior Court, judicial district of New Britain, Docket No. CV 98 0485517 (April 5, 2002, Berger, J.) (31 Conn.L.Rptr. 724). In ruling on a motion to strike, "we construe the complaint in the manner most favorable to sustaining its legal sufficiently." (Internal quotation marks omitted.) Macomber v. Travelers Property Casualty Corp.,261 Conn. 620, 629, ___ A.2d ___ (2002).
 I.
National argues that the plaintiffs failed to sufficiently allege claims of recklessness in counts thirty-four, thirty-six, thirty-eight, forty-six and forty-eight because the allegations in these counts merely restate the allegations in their negligence counts, and the plaintiffs are required to allege additional facts to show recklessness. National contends that the plaintiffs must allege that Kitchens knew or should have known of the substantial risk to the decedent or Andujar, and that he consciously disregarded the risk. The plaintiffs argue that they have alleged sufficient facts to support a cause of action for recklessness and to bring a common law and statutory claim for punitive and exemplary damages. CT Page 12667
"Under our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint." Dreier v. Upjohn Co.,196 Conn. 242, 245, 492 A.2d 164 (1985). Moreover, Practice Book §10-25 provides that "[a] plaintiff may claim alternative relief, based upon an alternative construction of the cause of action." "[S]eparate and distinct claims can arise out of the same factual background." Solomonv. Aberman, 196 Conn. 359, 385-86 n. 21, 493 A.2d 193 (1985). "[N]egligence and wilful and wanton misconduct are separate and distinct causes of action." Kostiuk v. Queally, 159 Conn. 91, 94, 267 A.2d 452
(1970). "However, [t]he allegations of one count of a complaint based on common law reckless conduct must be separate and distinct from the allegations of a second count sounding in negligence." Drennan v. Geist, Superior Court, judicial district of Middlesex at Middletown, Docket No. CV 99 0089114 (January 29, 2000, Shapiro, J.). "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." (Internal quotation marks omitted.) Kostiuk v. Queally, supra, 94. "Simply using the word `reckless' or `recklessness' is not enough." (Internal quotation marks omitted.) Id.
"[W]here the allegations of a count of a contested pleading support a cause of action of recklessness, the count sounding in recklessness may well be sufficient to withstand a motion to strike even though the allegations of reckless conduct are also alleged as a basis of negligent conduct in a count sounding in negligence." (Internal quotation marks omitted.) Colon v. Southern New England Telephone Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 01 0385673 (May 21, 2002, Gallagher, J.); see also Drennan v. Geist, supra, Superior Court, Docket No. CV 99 0089114. "A cause of action in recklessness may be sufficiently alleged upon the same facts that would support a cause of action in negligence provided the allegations are independently sufficient to support a cause of action in recklessness." (Internal quotation marks omitted.) Wattman v. New Hartford Volunteer Fire Dept.Ambulance Service, Inc., Superior Court, judicial district of Waterbury, Docket No. CV 00 0156795 (October 10, 2001, Rogers, J.) (30 Conn. L. Rptr. 554, 556).
"In order to establish that the [defendant's] conduct was . . . reckless . . . the plaintiff must prove, on the part of the [defendant], the existence of a state of consciousness with reference to the consequences of one's acts. . . ." (Internal quotation marks omitted.)Shay v. Rossi, 253 Conn. 134, 181, 749 A.2d 1147 (2000). "[T]here must be CT Page 12668 something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." (Internal quotation marks omitted.) Id. "[R]eckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care . . . where a high degree of danger is apparent." (Internal quotation marks omitted.) Dubayv. Irish, 207 Conn. 518, 533, 542 A.2d 711 (1988). "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man. . . ." (Internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608, 614, 539 A.2d 108
(1988).
Counts thirty-four, thirty-six, thirty-eight, forty-six and forty-eight all allege willful, wanton and reckless misconduct and disregard by Kitchens. The plaintiffs allege that the decedent and Andujar were working "in plain view" in front of Kitchens, and Kitchens increased the speed of the mixer drum without having brakes set; engaged the gear shift and moved forward without focusing attention in that forward direction, thereby creating danger and extreme peril to those in front of the mixer; and operated the cement mixer recklessly and at an unreasonable rate of speed in violation of General Statutes §§ 14-281 a, 14-219
(a), and 14-222 (a).[5]
This court has held that "if the alleged facts constitute recklessness . . . using the same facts in the negligence count does not prevent them from also being reckless." Walters v. Turrisi, Superior Court, judicial district of New London, Docket No. 541162 (April 15, 1997, Hurley, J.).
When construed in the manner most favorable to the plaintiffs, this court finds that the plaintiffs have sufficiently alleged facts, which are separate and distinct from their claims of negligence, to state a cause of action for recklessness in counts thirty-four, thirty-six, thirty-eight, forty-six, and forty-eight. If the allegations are successfully proven, a finder of fact could reasonably conclude that Kitchen's conduct was highly unreasonable, involving extreme departure from ordinary care, where a high degree of danger was apparent. Dubay v.Irish, supra, 207 Conn. 533.
The motion to strike counts thirty-four, thirty-six, thirty-eight, forty-six, and forty-eight is therefore denied.
 II. CT Page 12669
National next argues that counts thirty-nine through forty-four, alleging negligent and reckless loss of parental consortium, should be stricken because Connecticut does not recognize a cause of action for loss of parental consortium pursuant to the holding in Mendillo v. Boardof Education, 246 Conn. 456, 717 A.2d 1177 (1998). On behalf of the minor plaintiffs, Polanco argues that claims for loss of parental consortium have been sufficiently alleged. Polanco contends that the facts of the present case are distinguishable from the facts in Mendillo and a different analysis should be applied by the court to allow these claims for loss of parental consortium.
In Mendillo, our Supreme Court declined to extend loss of spousal consortium claims to include loss of parental consortium claims brought by minor children. The court determined that "the balance of policy considerations fails to establish the additional justification necessary to support recognition of a legal duty on the part of a tortfeasor to compensate the children of the person whom the tortfeasor has harmed directly for their loss of consortium with their parent." Mendillo v.Board of Education, supra, 246 Conn. 484-85. The policy considerations weighed by the court included "the fact that recognition of the cause of action would require arbitrary limitations; the additional economic burden that recognition would impose on the general public; the uncertainty that recognition would yield significant social benefits; the substantial risk of double recovery; and the weight of judicial authority." Id., 485.
The plaintiffs have urged this court not to follow the holding inMendillo, but to adopt a new form of recovery based on a new analysis. The controlling precedent of Mendillo v. Board of Education, supra,246 Conn. 456, however, compels this court to find that claims for loss of parental consortium are not recognized in Connecticut. Accordingly, the motion to strike counts thirty-nine through forty-four, alleging negligent and reckless loss of parental consortium is granted.
 III.
Finally, National argues that counts forty-seven and forty-eight, in which Andujar claims negligent and reckless infliction of bystander emotional distress, respectively, should be stricken because Andujar lacks a sufficiently close relationship to the decedent. Andujar argues that facts are sufficiently alleged to satisfy a claim for bystander emotional distress. Both parties correctly cite Clohessy v. Bachelor,237 Conn. 31, 675 A.2d 852 (1996), as the controlling authority. CT Page 12670
In Clohessy, our Supreme Court first recognized a cause of action for bystander emotional distress, but permitted such an action only if four conditions were met.[6] Clohessy v. Bachelor, supra, 237 Conn. 47. The first of the four conditions that must be alleged to state a claim for bystander emotional distress requires that "the bystander . . . be closely related to the injury victim." (Internal quotation marks omitted.) Id., 52. The court limited the relationships that it deemed sufficiently close to that of a parent, sibling, husband or wife, reasoning that by limiting the class of potential plaintiffs to those who suffer the greatest emotional distress because of their relationship, the "liability bears a reasonable relationship to the culpability of the negligent defendant." (Internal quotation marks omitted.) Id. The court, however, left "to another day the question of what other relationships may qualify." Id.
Paragraph eight of count forty-seven of the complaint, which is included in count forty-eight by reference therein, alleges that "[o]n and before November 4, 1999 [Andujar] was the cousin of Luis Polanco and as such [is] closely related to Luis Polanco." As alleged, this relationship cannot be compared to the close relationship of parent-child or husband-wife as was the case in Clohessy.[7] The motions to strike counts forty-seven and forty-eight alleging negligent and reckless bystander emotional distress is granted.
 CONCLUSION
For the foregoing reasons, the motion to strike is denied as to counts thirty-four, thirty-six, thirty-eight, forty-six and forty-eight; and is granted as to counts thirty-nine, forty, forty-one, forty-two, forty-three, forty-four, forty-seven and forty-eight.
D. Michael Hurley, JTR