[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Michael Brendan Walsh, filed this action against the defendants, Abbott Terrace Health Center, Inc., and Athena Health Care Associates, Inc. The facts, as alleged by the plaintiff, are as follows. The plaintiff was a resident of Abbott Terrace Health Center, Inc., which is owned and operated by Athena Health Care Associates, Inc. As a participating Medicare/Medicaid facility, the defendants are governed by various state and federal statutes and regulations and are parties to a provider agreement with the state of Connecticut. Under that agreement, the defendants receive payments from the state department of social services in exchange for providing services in compliance with state and federal regulations.
At the time of the incident that is the subject of the present case, the plaintiff was ninety-six years old and incapable of walking or performing various aspects of daily living without assistance. The plaintiffs roommate, who suffered from various ailments including congestive heart failure, hypoglycemia, pneumonia and chronic organic brain syndrome, made threats against the plaintiff, complained about the defendant and requested a room change. The defendants' staff was made aware of the behavior and threats. The plaintiffs roommate was evaluated by a psychiatrist and diagnosed with adjustment disorder and cognitive disorder. On March 5, 1999, the plaintiff was assaulted by his roommate and sustained a broken nose and multiple lacerations to his face and head. The plaintiff further alleges that, on two occasions, the Division CT Page 11263 of Health Systems Regulation performed unexpected investigations and the defendants were found to be in violation of various sections of the Connecticut Public Health Code.
The plaintiff filed a complaint in four counts against the defendants on December 14, 1999. The defendants filed a motion to strike counts two, three and four, alleging recklessness, violation of CUTPA and breach of contract, respectively, along with a supporting memorandum of law. The plaintiff did not file-an objection.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522-23, ___ A.2d ___ (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Doe v. YaleUniversity, 252 Conn. 641, 667, 748 A.2d 834 (2000). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions
stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra, 240 Conn. 588.
 I
The defendants move to strike count two, sounding in recklessness, on the ground that the plaintiff failed to allege facts sufficient to sustain his claim. The defendants argue that because "the plaintiffs second count reiterates the facts set forth in his negligence claim without alleging more, the plaintiffs second count is insufficient as a matter of law." (Defendants' Memorandum, p. 5)
"The allegations of one count of a complaint based on common law reckless conduct must be separate and distinct from the allegations of a CT Page 11264 second count sounding in negligence." Hanchar v. Silver Hill Hospital, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 163502 (February 29, 2000, D'Andrea, J.). "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." (Internal quotation marks omitted.) Kostiuk v. Queally, 159 Conn. 91,94, 267 A.2d 452 (1970). "Simply using the word `reckless' or `recklessness' is not enough." Id.
A cause of action in recklessness may be sufficiently alleged upon the same facts that would support a cause of action in negligence provided the allegations are independently sufficient to support a cause of action in recklessness. "[T]here is no reason why the plaintiff, relying on the same set of facts in negligence counts, cannot set forth in separate counts, causes of action arising out of those same facts alleging recklessness." Adams v. Champagne, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061154 (May 27, 1998, Corradino,J.) (22 Conn.L.Rptr. 241, 242). "It is frequently urged on this Court that the similarity of allegations renders one cause of action (usually, of course, the recklessness one) invalid. But similarity cannot be the sole focus. To so consider would often require a plaintiff to ratchet down the negligence claim in order to render more visible the conceptual space between the counts. Focus must instead primarily rest on the recklessness — sufficiency of that count." Haley v. ConnecticutLight Power, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 059027 (November 9, 1999; Nadeau, J.). "Rather than follow a mechanistic approach . . . it seems more appropriate . . . to examine instead whether the facts that are alleged could, under any set of facts admissible under the pleadings, support a conclusion of recklessness." Triano v. Fitzpatrick, M.D., Superior Court, judicial district of New Britain, Docket No. 494828 (February 17, 2000, Graham,J.). "The plaintiff may claim alternative relief, based upon an alternative construction of the cause of action." Practice Book §10-25. "[W]here the allegations of a count of a contested pleading support a cause of action of recklessness, the count sounding in recklessness may well be sufficient to withstand a motion to strike even though the allegations of reckless conduct are also alleged as a basis of negligent conduct in a count sounding in negligence." Haley v.Connecticut Light Power, supra, Superior Court, Docket No. 59027.
The court finds that the plaintiffs claim of recklessness is not destroyed merely because the plaintiff pleaded both negligence and recklessness based upon the same allegations of fact. The plaintiff sets forth her causes of action of recklessness and negligence in separate counts; see Kostiuk v. Queally, supra, 159 Conn. 94; and explicitly sets CT Page 11265 forth the facts which she alleges constitute reckless conduct. SeeFaulkner v. United Technologies Corp., supra, 240 Conn. 588.
"In order to establish that the defendants' conduct was . . . reckless . . . the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 181, ___ A.2d ___ (2000). "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608, 614-15, 539 A.2d 108 (1988). "It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . ." (Internal quotation marks omitted.) Dubay v. Irish,207 Conn. 518, 533, 542 A.2d 711 (1988).
For the purpose of determining whether the plaintiff sufficiently alleges a claim of recklessness, the court must take as true the plaintiffs allegations. See Dodd v. Middlesex Mutual Assurance Co., supra, 242 Conn. 378. The plaintiff alleges that the defendants knew of the mental state of the plaintiffs roommate and the threats he made against the plaintiff, that they failed to develop interventions to prevent further incidents against the plaintiff and that, as a result, the plaintiff was injured by his roommate. The plaintiffs allegations amount to "more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." Elliott v. Waterbury, 245 Conn. 385, 415, 715 A.2d 27
(1998). Accordingly, the defendants' motion to strike count two is denied.
 II
The defendants move to strike count three of the plaintiffs complaint, CT Page 11266 alleging a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.,[1] on the ground that the plaintiff failed to allege facts sufficient to maintain such a claim.
"[T]he provision of medical services falls within CUTPA's definition of trade or commerce as the distribution of any services. . . ."[2]
(Internal quotation marks omitted.) Haynes v. Yale-New Haven Hospital,243 Conn. 17, 32, 699 A.2d 964 (1997). "[T]he touchstone for a legally sufficient CUTPA claim against a health care provider is an allegation that an entrepreneurial or business aspect of the provision of services is implicated, aside from medical competence or aside from medical malpractice based on the adequacy of staffing, training, equipment or support personnel." (Internal quotation marks omitted.) Sherwood v.Danbury Hospital, 252 Conn. 193, 213, 746 A.2d 730 (2000).
The plaintiff alleges that the defendants violated CUTPA by failing to abide by state law and their own policy to report to an administrator the threats made to the plaintiff (complaint, third count, ¶¶ 13a and 13c); failing "to revise the care plan of [the plaintiff] to establish interventions to monitor [the plaintiff]"; (complaint, third count, ¶ 13d); failing to complete an incident report and notify the health department, local police, or health department ombudsman; (complaint, third count, ¶ 13e); failing "to properly treat and resolve [the roommate's] circumstances and/or institute solutions to prevent further incidents as against [the plaintiff]"; (complaint, third count, ¶ 13f); and "failed to follow up with respect to persons making complaints"; (complaint, third count, ¶ 16). The plaintiff's allegations all address the defendants' medical competence and malpractice. The plaintiff does not allege that the defendants' conduct implicates a business or entrepreneurial aspect of the provision of services by the defendants and the facts alleged would not support such an allegation. The defendants' motion to strike count three is, therefore, granted.
 III
The defendants move to strike count four of the plaintiffs complaint on the ground that he lacks standing to bring an action for breach of a contract to which he was not a party.
"A third party beneficiary may enforce a contractual obligation without being in privity with the actual parties to the contract. . . . Therefore, a third party beneficiary who is not a named obligee in a given contract may sue the obligor for breach." (Citation omitted.)Gateway Co. v. DiNoia, 232 Conn. 223, 230-31, 654 A.2d 342 (1995). "[T]he CT Page 11267 ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of theparties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties. . . . Although . . . [i]t is not in all instances necessary that there be express language in the contract creating a direct obligation to the claimed third party beneficiary . . . the only way a contract could create a direct obligation between a promisor and a third party beneficiary would have to be . . . because the parties to the contract so intended." (Citation omitted; emphasis in original; internal quotation marks omitted.) Grigerik v. Sharpe, 247 Conn. 293, 311-12,721 A.2d 526 (1998).
The plaintiff's claim is based upon his allegation that the defendants breached the provider agreement with the state of Connecticut. The plaintiff alleges only that the defendants and the state were parties to the agreement, therefore, the plaintiff can only sue for breach of that agreement if the plaintiff is a third party beneficiary of the agreement. The plaintiff fails to allege that the defendants and the state intended that the defendants assume a direct obligation to the plaintiff under the agreement. The plaintiff does not plead any language from the provider agreement that would support a claim that the plaintiff was an intended third party beneficiary. The plaintiff has failed to plead any facts that would support a claim that the plaintiff is a third party beneficiary, therefore, the defendants' motion to strike count four is granted.
So ordered.
BY THE COURT
PETER EMMETT WIESE, JUDGE