[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the defendant's motion to strike count three of the plaintiffs complaint on the ground that the plaintiff failed to allege a sufficient claim of recklessness because the factual allegations are mere repetitions of the allegations of negligence in count one.
 I. FACTS AND PROCEDURAL BACKGROUND
The plaintiff, Salvatore Barone, alleges recklessness against the defendant, Connecticut Development Authority in count three of his complaint, filed September 28, 2000. Counts one and two allege negligence against the defendant on different theories. Count three primarily incorporates the factual allegations of count one. The facts, as alleged by the plaintiff, are as follows. The plaintiff is an employee of Harper Surface Finishing Systems, Inc. (Harper Surface) located at 70 Gracey Avenue, Meriden, Connecticut (the property), which is owned by Harper Buffing Machine Co. (Harper Buffing). The defendant, by virtue of an assumption and modification agreement, is the first mortgagee on the property. In July of 1992, Harper Buffing filed for bankruptcy and the defendant has been collecting rent directly from Harper Surface since that time.
The terms of the mortgage require the defendant to apply the rental income to expenses of operating the property before applying such income to satisfy Harper Buffing's debt. On March 18, 1999, Harper Surface notified the defendant in writing that the roof at the property leaked. The defendant never responded to the notice, nor did it repair the roof. On August 27, 1999, the plaintiff slipped and fell as a result of water on the floor, which had occurred due to the leaking roof. The plaintiffs CT Page 4841 fall resulted in physical injury, medical expenses and loss of enjoyment and earnings. In addition to the facts incorporated from count one, the plaintiff also alleges in count three that his damages "were caused by the reckless disregard of the defendant, which recklessness was a substantial factor in causing the plaintiffs injuries in that it had actual knowledge of a leaky roof, and failed to remedy it." (Complaint, count three, ¶ 13.)
The defendant filed the present motion to strike on December 21, 2000 along with a supporting memorandum of law. The plaintiff filed a timely objection. The court heard oral argument at short calendar on January 22, 2001, and now issues this memorandum of decision.
 II. STANDARD OF REVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any. cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . ., that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378, 698 A.2d 859 (1997). The court must "take the facts to be those alleged in the complaint . ., and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia,253 Conn. 516, 522-23, 753 A.2d 927 (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted; internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641,667, 748 A.2d 834 (2000). "A motion to strike . . . does not admit legalconclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.)Faulkner v. United Technologies Corp., supra, 240 Conn. 588.
 III. DISCUSSION CT Page 4842
The defendant moves to strike count three on the ground that the plaintiff failed to allege facts sufficient to sustain his claim of recklessness. The defendant argues that because count three "merely repeats the substantive allegations of negligence set forth in Count One and includes conclusory language setting forth the standard for recklessness" the count fails to state a claim upon which relief can be granted. (Defendant's Memorandum, p. 2.)
"The allegations of one count of a complaint based on common law reckless conduct must be separate and distinct from the allegations of a second count sounding in negligence." Hanchar v. Silver Hill Hospital, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 163502 (February 29, 2000, D'Andrea, J.). "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on. (Internal quotation marks omitted.) Kostiuk v. Queally, 159 Conn. 91,94, 267 A.2d 452 (1970). "Simply using the word `reckless' or `recklessness' is not enough." (Internal quotation marks omitted.) Id.
"[W]here the allegations of a count of a contested pleading support a cause of action of recklessness, the count sounding in recklessness may well be sufficient to withstand a motion to strike even though the allegations of reckless conduct are also alleged as a basis of negligent conduct in a count sounding in negligence." Haley v. Connecticut Light Power, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 059027 (November 9, 1999, Nadeau, J.). "[T]here is no reason why the plaintiff, relying on the same set of facts in negligence counts, cannot set forth in separate counts, causes of action arising out of those same facts alleging recklessness." Adams v. Champagne, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061154 (May 27, 1998, Corradino, J.) (22 Conn.L.Rptr. 241, 242). "It is frequently urged on this Court that the similarity of allegations renders one cause of action (usually, of course, the recklessness one) invalid. But similarity cannot be the sole focus. To so consider would often require a plaintiff to ratchet down the negligence claim in order to render more visible the conceptual space between the counts. Focus must instead primarily rest on the recklessness — sufficiency of that count." Haley v. Connecticut Light Power, supra, Superior Court, Docket No. 059027. "Rather than follow a mechanistic approach . ., it seems more appropriate . ., to examine instead whether the facts that are alleged could, under any set of facts admissible under the pleadings, support a conclusion of recklessness." Triano v. Fitzpatrick. M.D., Superior Court. judicial district of New Britain, Docket No. 494828 (February 17, 2000, Graham, J.). "The plaintiff may claim alternative relief, based upon an alternative construction of the cause of action." Practice Book CT Page 4843 § 10-25.
The court finds that the plaintiffs claim of recklessness is not destroyed merely because the plaintiff pleaded both negligence and recklessness based upon the same allegations of fact. The plaintiff sets forth her causes of action of recklessness and negligence in separate counts; see Hanchar v. Silver Hill Hospital, supra, Superior Court, Docket 163502; and explicitly sets forth the facts which she alleges constitute reckless conduct. See Faulkner v. United Technologies Corp., supra, 240 Conn. 588; Kostiuk v. Queally, supra, 94.
"In order to establish that the [defendant's] conduct was . ., reckless . ., the plaintiff must prove, on the part of the [defendant], the existence of a state of consciousness with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 181,749 A.2d 1147 (2000). "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608, 614-15, 539 A.2d 108 (1988). "It is at least clear . ., that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . ." (Internal quotation marks omitted.) Dubay v. Irish,207 Conn. 518, 533, 542 A.2d 711 (1988).
For the purpose of determining whether the plaintiff sufficiently alleges a claim of recklessness, the court must take the plaintiffs allegations as true. See Dodd v. Middlesex Mutual Assurance Co., supra,242 Conn. 378. The plaintiff alleges that the defendant was notified of the leaking roof on the property, that repairs were not made, nor even addressed, for five months, and that, as a result, the plaintiff was injured. The conduct alleged by the plaintiff could be characterized by a trier of fact as "more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere CT Page 4844 thoughtlessness or inadvertence, or simply inattention"; Dubay v. Irish, supra, 207 Conn. 533; and as "such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." Shay v. Rossi, supra, 253 Conn. 181.
 CONCLUSION
Accordingly, the defendant's motion to strike count three is denied. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT