[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the defendants' motion to re-argue and/or for articulation, dated March 22, 2001, concerning the court's ruling on their motion to strike (#118). In this memorandum of decision, the court further articulates the bases for its denial of the motion to strike.
 I. FACTS AND PROCEDURAL BACKGROUND
The plaintiff, Frank Tudor, alleges common law recklessness against the defendant, Peter J. Collins, in the second count of his complaint, filed February 14, 2000. The third count alleges recklessness against this defendant based on claimed violations of General Statutes § 14-295.
The defendants filed the motion to strike on February 14, 2001 along with a supporting memorandum of law. The plaintiffs filed a timely brief in opposition.
The court's earlier ruling on the motion referred to its decision inWalton v. Duct Vent Cleaning of America, Superior Court, judicial district of Middlesex at Middletown, Docket No. 089854 (Jan. 6, 2000,Shapiro, J.). In their current motion for re-argument and/or articulation, the defendants ask the court for articulation "with respect CT Page 5209 to that portion of the defendant's motion seeking to strike the second count of the plaintiff's complaint."
In pertinent part, the second count alleges that on October 12, 1999, the plaintiff, Frank Tudor, (Tudor) was a pedestrian walking westerly across Main Street, at or near the intersection of Lafayette Street, in New Britain, Connecticut. (Second Count, ¶ 1) At the time, the defendant, Peter J. Collins, was operating a motor vehicle and traveling northbound on Main Street. It is alleged that the defendant's vehicle struck Tudor, causing injury. (Second Count, ¶ 2)
In the second count, the plaintiffs contend that Tudor's injuries resulted from Collins' recklessness. Paragraph 3 alleges that "he engaged in one or more of the following courses of conduct when he knew, or could have known, that such conduct posed an unreasonable, increased risk of harm to other persons upon the highways, in light of the congestion of streets, the traffic conditions upon said highways, particularly at the aforesaid intersection, when he knew, or should have known, that such conduct and inattentive driving posed an increased risk of injury that would have greater negative consequences. . . ."
Paragraph 3 then lists various ways in which Collins' conduct was reckless, including, inter alia, that he operated his vehicle at a rate of speed greater than was reasonable, in violation of General Statutes § 14-218a (subparagraph (a)); that he knew or should have known that large numbers of pedestrians were in the habit of crossing at the location in question, but that "he failed to exercise reasonable diligence to avoid striking pedestrians, including the plaintiff' (subparagraph (g)); that he operated his motor vehicle recklessly, in violation of General Statutes § 14-222 (subparagraph (m)). Subparagraphs (a) through (1) of this paragraph were also pleaded to support the claim of negligence set forth in the first count of the complaint.
 II. STANDARD OF REVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any . . . cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading CT Page 5210 party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378, 698 A.2d 859 (1997). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia,253 Conn. 516, 522-23, 753 A.2d 927 (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted; internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641,667, 748 A.2d 834 (2000). "A motion to strike . . . does not admit legalconclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.)Faulkner v. United Technologies Corp., supra, 240 Conn. 588.
 III. DISCUSSION
The defendants moved to strike the second count on the ground that the plaintiffs failed to allege facts sufficient to sustain a common law claim of recklessness. The defendants argue that the second count merely relies "upon the same factual allegations in a claim sounding in negligence to sustain the legal sufficiency of a claim based on recklessness." (Defendants' Memorandum, p. 9)
"The allegations of one count of a complaint based on common law reckless conduct must be separate and distinct from the allegations of a second count sounding in negligence." Hanchar v. Silver Hill Hospital,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 163502 (February 29, 2000. D'Andrea, J.). "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." (Internal quotation marks omitted.) Kostiuk v. Queally, 159 Conn. 91,94, 267 A.2d 452 (1970). "Simply using the word `reckless' or `recklessness' is not enough." (Internal quotation marks omitted.) Id.
"[W]here the allegations of a count of a contested pleading support a cause of action of recklessness, the count sounding in recklessness may well be sufficient to withstand a motion to strike even though the allegations of reckless conduct are also alleged as a basis of negligent conduct in a count sounding in negligence." Haley v. Connecticut Light Power, Superior Court, judicial district of Ansonia-Milford at Milford. CT Page 5211 Docket No. 059027 (November 9, 1999, Nadeau, J.). "[T]here is no reason why the plaintiff, relying on the same set of facts in negligence counts, cannot set forth in separate counts, causes of action arising out of those same facts alleging recklessness." Adams v. Champagne, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061154 (May 27, 1998, Corradino, J.) (22 Conn.L.Rptr. 241, 242). "It is frequently urged on this Court that the similarity of allegations renders one cause of action (usually, of course, the recklessness one) invalid. But similarity cannot be the sole focus. To so consider would often require a plaintiff to ratchet down the negligence claim in order to render more visible the conceptual space between the counts. Focus must instead primarily rest on the recklessness — sufficiency of that count." Haley v. Connecticut Light Power, supra. Superior Court, Docket No. 059027. "Rather than follow a mechanistic approach . . . it seems more appropriate . . . to examine instead whether the facts that are alleged could, under any set of facts admissible under the pleadings, support a conclusion of recklessness." Triano v. Fitzpatrick, M.D.,
Superior Court, judicial district of New Britain, Docket No. 494828 (February 17, 2000, Graham, J.). "The plaintiff may claim alternative relief, based upon an alternative construction of the cause of action." Practice Book § 10-25.
The court finds that the plaintiffs' claim of recklessness is not destroyed merely because the plaintiffs pleaded both negligence and recklessness based upon substantially the same allegations of fact. The plaintiffs set forth their causes of action of recklessness and negligence in separate counts; see Hanchar v. Silver Hill Hospital, supra, Superior Court, Docket 163502; and explicitly set forth the facts which they allege constitute reckless conduct. See Faulkner v. United TechnologiesCorp., supra, 240 Conn. 588; Kostiuk v. Queally, supra, 94.
"In order to establish that the [defendant's] conduct was . . . reckless . . . the plaintiff must prove, on the part of the [defendant], the existence of a state of consciousness with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it. there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134,181, 749 A.2d 1147 (2000). "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others CT Page 5212 involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608, 614-15, 539 A.2d 108 (1988). "It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . ." (Internal quotation marks omitted.) Dubay v. Irish,207 Conn. 518, 533, 542 A.2d 711 (1988).
For the purpose of determining whether the plaintiff sufficiently alleges a claim of recklessness, the court must take the plaintiff's allegations as true. See Dodd v. Middlesex Mutual Assurance Co., supra,242 Conn. 378. The plaintiffs allege that the defendant acted recklessly in various ways, including that he did so although he knew or should have known of the danger to pedestrians at the intersection in question. Within these allegations are several contentions concerning violations of the General Statutes, including subparagraph (in) of paragraph 3, which was added in the second count. The conduct alleged by the plaintiff could be characterized by a trier of fact as "more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention"; Dubay v. Irish,
supra, 207 Conn. 533; and as "such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." Shay v. Rossi, supra, 253 Conn. 181.
 CONCLUSION
Accordingly, for the reasons set forth in the court's earlier ruling, and for the reasons set forth above concerning the second count, the defendants' motion to strike is denied. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT