MEMORANDUM OF DECISION
WILSON, Judge.
This is an action pursuant to the Mohegan Torts Code, MTO 2001-R7 wherein the Plaintiff seeks damages for personal injuries he allegedly sustained as a result of the negligence of the Defendant. The Plaintiff was, on June 1, 2002, a patron at the Mohegan Sun Casino. The Casino is owned by the Mohegan Tribe of Indians of Connecticut, a federally recognized Indian Tribe. The casino is operated by the Defendant Mohegan Tribal Gaming Authority (MTGA) pursuant to the Federal Indian Gaming Regulatory Act (IGRA) and a Compact entered into between the State of Connecticut and the Tribe pursuant to the Act.
The Plaintiff alleged that he was a patron at the Seasons Buffet dining area in the casino; that while eating mashed potatoes, to which he had served himself from the buffet service area, he felt a sharp stabbing pain in his cheek. On inspection inside the Plaintiffs mouth, a hypodermic needle was found stuck in his inside cheek. In the process to remove the needle the Plaintiff alleges that he sustained an injury to his finger as well as his cheek. He alleges that in addition to the injuries to his cheek and finger, he is at risk of contracting blood borne diseases such as HIV or Hepatitis C; that because of a dormancy period for such diseases he suffers from fear of having the disease lie dormant for years; and that he suffers from psychiatric and emotional distress and damages requiring medication and psychiatric treatment.
The Plaintiff alleges negligence of the Defendant or its employees, in one or more of the following ways; in that they *307 failed to adequately and properly train its employees in safety, maintenance and food preparation procedures, including preparation of mashed potatoes; failure to supervise its employees and to properly inspect food; permitted unsafe cooking and food preparation; and serving mashed potatoes containing a hypodermic needle stuck inside the mashed potatoes, “constituting negligence under the doctrine of res ipsa, loquitur; ” and serving mashed potatoes unfit for human consumption.[1]
The Defendant denied that the Plaintiff was injured, or was injured in the manner claimed; denied that it was negligent in any respect or that the doctrine of res ipsa loquitur applies; and denied that any injuries from which the Plaintiff may suffer were caused by any act or omission of it or any of its employees.
With respect to the Plaintiffs injuries, the Defendant claims that the Plaintiff suffered from psychiatric conditions prior to the June 1, 2002 incident; that he had symptoms of psychosis and paranoid ideation and mood swings, and was diagnosed with schizo-affective disorders in 1996 as a result of an industrial accident; that he was taking a number of psychiatric medications starting in 1996, prescribed by his treating psychiatrist; (but that he had failed to take his prescribed medications for over a week prior to June 1, 2002); that he had a history of self-inflicted injuries; and that the Plaintiff failed to prove that any act or omission of the Defendant caused any injury to the Plaintiff.
For reasons hereinafter stated, the court concludes that the Plaintiff has not proven his claims that the Defendant was negligent. In view of this conclusion, the court does not reach the issue of the nature or extent of any injuries claimed by the Plaintiff.[2]
APPLICABLE LAW
In deciding this case, this court is required to apply and enforce the substantive law of the Mohegan Tribe, which includes, inter aliq the law set forth in MTO 2001-07, the Mohegan Torts Code, and the statutory and common law' of the State of Connecticut. MTO 95-4, Secs. 300 and 301.[3]
MOHEGAN TORTS CODE
MTO 2001-07, the Mohegan Torts Code, was adopted effective August 15, 2001, and is therefore applicable to this action. Sec. 2. The code applies to any and all tort claims arising on the Mohegan Reservation that may be brought against the MTGA by any patron such as the Plaintiff; Sec. 4C; and is the exclusive means of adjudication of such claims; Sec. 4D. Under Sec. 5A.15., “negligence” means conduct that falls below the standard es *308 tablished.by law or custom for the protection of others against unreasonable risk of injury or harm. The standard of conduct to which a person must conform to avoid being negligent is that of a reasonable person under similar circumstances. This is essentially the common law definition of negligence in Connecticut. Wright, Fitzgerald and Ankerman, Connecticut Law of Torts, Sec. 29 (Bd ed.1991). This standard applies equally to the sale of food products as alleged in the complaint in this case. Id. Sec. 80. It is elemental that the Plaintiff has the burden of proving the breach of this duty by the Defendant. Id. Sec. 2; Holden and Daly, Connecticut Evidence, Sec. 54a.
RES IPSA LOQUITUR
The Plaintiff in this case offered no evidence bearing on the question of the Defendant’s negligence, i.e., no evidence to prove that the Defendant breached the standard of care as defined in the Mohegan Torts Code and Connecticut Common law. Rather, the Plaintiff relies on the doctrine of res ipsa loquitur. (“The thing speaks for itself.” Blacks Law Dictionary, 1811 (7th Ed.1999)).
“When certain types of harm occur under circumstances which from common experience strongly suggest negligence, and where the agency or instrumentality causing the harm is under the exclusive control of the Defendant, the doctrine of res ipsa loquitur is applicable.” Wright and Fitzgerald, supra Sec. 41. There are three conditions that must be present before the doctrine is applied:
1. in the ordinary instance no injury would result unless from a careless construction, inspection, or user;
2. both inspection and user must have been at the time of the injury in the control of the Defendant;
3.the injury must have happened irrespective of any voluntary action at the time by the Plaintiff. Id.
“The doctrine fails unless the instrumentality is under the exclusive control of the Defendant.” Id. Contra to the Plaintiffs claim, the Defendant claims that the doctrine does not apply here, arguing that the agency or instrumentality causing the harm was not under the exclusive control of the Defendant. The court, however, does not decide that question, because even if the doctrine applies, there is no presumption of negligence; and although an inference of negligence may be drawn, the burden of proof does not shift to the Defendant, and the burden remains on the Plaintiff to prove negligence on all the facts of the case. If the Defendant offers substantial uncontroverted evidence negating an inference of negligence, judgment should be for the Defendant. Id. On the facts here, the Plaintiff has not met his burden of proof.
“The doctrine of res ipsa, loquitur in a rale of common sense, and not a rule of law which dispenses with proof of negligence ... The presence of the conditions necessary for the application of the doctrine does not shift the burden of proof to the Defendant or even compel an inference of negligence. It has no evidential force.” Holden and Daly, Evidence, Sec. 54e. See also, Secs. 48, 64g.
The Defendant presented testimony of six witnesses rebutting the Plaintiffs allegations of negligence. The Manager of the Seasons Buffet offered evidence concerning the training of the kitchen staff in safety procedures and protocol and of his experiences in that regard. The Line Chef testified to safe procedures for making the mashed potatoes and safety and health procedures and training. The cook who prepared the potatoes testified as to the safe procedures for preparation of the *309 potatoes and measures to comply with the safety and health rules and regulations. The Line Cook testified as to training in proper food handling and the procedures for preparation of food including the mashed potatoes.
The Director of Food and Beverage testified as to training in proper food handling. The Director of Beverage testified as to training and safety measures as to food preparation and handling.
The Defendant also introduced into evidence photographs depicting the kitchen of the Seasons Buffet and Buffet area in general, and in particular depicting the processing of the mashed potatoes from the arrival of the potatoes in fifty-pound sealed boxes, through the washing, mashing, flavoring, mixing, and delivery of the pans of potatoes to the buffet service tables. These photographs corroborate the testimony of the Defendant’s witnesses that a high degree of care was used in the preparation and service of the potatoes. This substantial, credible, and uncontroverted evidence negated any possible inference of negligence, which might otherwise be drawn from the doctrine of res ipsa loqui-tur, either as to the training of casino employees, supervision of food preparation, safety of cooking and food preparation, inspection or service of the food, particularly the mashed potatoes on the night in question. Based on all the evidence, the court finds that the Defendant reasonably and carefully trained its employees in safety and food preparation procedures, including safety in preparation of mashed potatoes, properly supervised its employees, used safe and healthy practices in the preparation of food and properly inspected and served the food.
The Court concludes that the Plaintiff failed to sustain his burden of proving that the Defendant was negligent in any of the respects alleged in the complaint.
Judgment may enter for the Defendant.

. As will be discussed at greater length hereafter, the Plaintiff did not offer any evidence of negligence, but relied exclusively on the doctrine of res ipsa loquitur. The Plaintiff did not plead any theory of liability based on strict tort product liability. Hence cases such as Civitello v. Burger King Corporation, 2002 WL 241491 (Conn.Super.), are inapposite.

. A test conducted in August 2003 detected no HIV I antibodies.

. At trial the Court overruled the Plaintiffs objections to the admissibility of Defendant’s Exhibits A, B, and C, which were two page incident reports concerning statements of witnesses. The Plaintiff's objections were based on the fact that the incident reports (which were admitted into evidence under the business records exception to the hearsay rule) themselves contained inadmissible hearsay, i.e., hearsay within hearsay. On reconsideration, the court believes that the Plaintiffs objections on this ground should have been sustained. However, the court has not read those exhibits and therefore they do not enter into the consideration or decision of this case.