MEMORANDUM OF DECISION ON DEFENDANT, PLAN “B”, MOTION TO STRIKE

WILSON, Judge.
The Plaintiffs second amended complaint sets forth four counts against three separate Defendants. The Plaintiff alleges that on November 22, 2003 he was a patron at the Mohegan Sun Casino, a gaming facility under the control of the Defendant, Mohegan Tribal Gaming Authority (MTGA), an entity of the Mohegan Tribe of Indians of Connecticut. He alleges that on that date he was descending an escalator located in the casino when he was caused to fall off the escalator. The Plaintiff sustained grievous personal injuries.
In Count One against the Defendant MTGA, the Plaintiff alleges various acts of negligence against the Defendant MTGA, whieh the said Defendant denies. That count is not involved in the Motion before the Court.
Count Two addressed claims against the Defendant Otis Elevator Company. On June 14, 2005, Summary Judgment was entered in favor of the Defendant Otis. Murphy v. MTGA, 2 G.D.R. 129, 6 Am. Tribal Law 531, 2005 WL 6239000 (2005).
Count Three is against the Defendant Plan “B”, LLC, and alleges that the said Defendant owned and operated a restaurant known as “Lucky’s”; a bar known as the “Dubliner”; and a night club known as “Club Ultra 88”; all located within the Mohegan Sun Resort. The Plaintiff alleges that he was a patron at these establishments on the date in question and that between 8:00—10:30 p.m. the Defendant served the Plaintiff alcohol and continued to serve the Plaintiff alcohol even with reckless disregard when the Plaintiff was intoxicated. He further alleges that at about 10:30 p.m. he attempted to exit the casino and was descending the escalator located in the casino when he was caused to fall off the escalator, sustaining injuries. He alleges that his injuries were caused by the Defendant Plan “B’s” recklessness in that it “continued to serve the Plaintiff alcohol after the Plaintiff was intoxicated.”
Count Four, also as to Plan “B”, alleges that the Plaintiffs injuries were caused by the negligence of Plan “B” in serving the Plaintiff alcohol “when a reasonably prudent person would have or should have known that the Plaintiff was intoxicated.” The Plaintiff alleged ten specifications of negligence against Plan “B”.
The Defendant Plan “B” moved to strike the Plaintiffs complaint. The Defendant did not with particularity specify which counts of the complaint it was moving to strike. The motion and memorandum of *582 law in support of the motion addresses only the negligence count, and as to it, it argues only that the Connecticut Dram Shop Act, Conn. Gen.Stat. § 30-102 pre-eludes the Plaintiffs action. The Defendant argues that the Dram Shop Act is the “exclusive remedy in actions arising out of service of alcohol to an alleged tortfeasor ...”; and that under it the Plaintiff’s claim is barred.
The Plaintiffs objection to the Motion to Strike correctly points out that the Defendant’s Motion and Memorandum of Law extend only to Count Four of the Plaintiffs Complaint. The Plaintiffs objection therefore addresses the Motion only as applying to that count.
For the following reasons, the court grants the Motion to Strike Count Four and denies the Motion insofar as it may be construed to apply to Count Three.
COUNT FOUR

DRAM SHOP ACT

The Defendant Plan “B” bases its entire argument on the Connecticut Dram Shop Act, so called, Conn. Gen.Stat. § 30-102, as amended by Public Act 03-91. This argument misconstrues the reach of the Act, which applies by its terms only to a civil action, created by the Act, brought by the Plaintiff (a third party) injured by an intoxicated tortfeasor, to whom the alcohol was sold by the Defendant. It does not apply to actions brought by the intoxicated person himself against the seller of alcohol, as is the case here. That is, it applies to the sale of alcohol to an intoxicated person who, “in consequence of such intoxication, thereafter injures the person or property of another .-... ” C.G.S. § 30-102 (emphasis added). Here, however, the Plaintiff alleges that the Defendant-—tort-feasor caused the injury to the intoxicated person by continuing to sell him alcohol when he knew or should have known thal the Plaintiff was intoxicated.
The Dram Shop Act imposes liability or the seller without proof of negligence on the seller’s part, and without proof of a casual connection between the sale and the injury—the only proof of causation required is between the intoxication and the injury. The quid pro quos of this strict liability are a cap on damages, a stria notice requirement, and rigid time limits.
To avoid these onerous quid pro quos (and therefore forgoing the advantages of the strict liability of the statutes) some third party victims have brought common law claims requiring proof of negligence and proximate cause; Craig v. Driscoll, 262 Conn. 312, 813 A.2d 1003 (2003); after the Connecticut Supreme Court recognized the existence of such a cause of action in Craig v. Driscoll, the Connecticut General Assembly purported to abolish such cause of action by adding the following sentence to the Dram Shop Act: “Such injured person shall have no cause of action against such seller for negligence in the sale of alcoholic liquor to a person twenty-one years of age or older” P.A. 03-910. The term “such injured person” relates back to the Plaintiff (third party) injured by the intoxicated person. It does not address, and therefore neither permits nor precludes, common law claims brought by the intoxicated person against the seller. The Court is not aware of any statutory provisions addressed to the issues raised by the facts alleged in the case. The Defendant Plan “B’s” reliance on the Dram Shop Aci is, therefore, misplaced.

COMMON LAW NEGLIGENCE

This case, rather, is a common law negligence claim of the type thoroughly considered by this court (Guernsey, C.J.in Drysdale v. MTGA, 2 G.D.R. 17, 4 Am. Tribal Law 562, 2003 WL 25795206 (2003 >. *583 That case, like this, was a common law negligence action brought by the intoxicated person against the seller of the alcoholic beverage.[1]
As to the negligence claims the Court noted that Connecticut law does not allow claims by intoxicated persons for injuries to themselves. Nolan v. Morelli, 154 Conn. 432, 226 A.2d 383 (1967). The Court then held that “while it has the authority to develop Mohegan common law independent of the Connecticut Supreme Court’s development of Connecticut common law, the extension of common law liability so as to allow an intoxicated person to recover damages for the negligent sale of alcohol to him involves social policy considerations that are considerably different from those set forth in Craig v. Driscoll, and as such is best reserved for legislative, rather than judicial, consideration.” 2 G.D.R. at 18, 4 Am. Tribal Law at 564, 2003 WL 25795206, ⅜2. Specifically, the Court stated that “whether the additional protection afforded the public by making purveyors of alcohol more cautious in serving intoxicated persons outweigh the danger of encouraging those consuming alcohol to continue to do so, by giving them a cause of action against the seller in the event they suffer personal injury, involves a balancing test better performed in a legislative, rather than a judicial setting.” 2 G.D.R. at 20, 4 Am. Tribal Law at 566, 2003 WL 25795206, *4. The Court therefore granted the Defendant’s Motion to Strike those causes of action sounding in negligence in the sale of alcohol to the Plaintiff.[2]
The Plaintiff attempts to distinguish Drysdale on two grounds: (1) that the Mohegan Torts Code has been “liberalized” since Drysdale; and (2) that in 2003 and 2004 over 30 complaints were filed against the Mohegan Sun with the Liquor Commission. The Court is not persuaded. As to (1), the “more liberal provisions of the current Torts Code, M.T.O.2001-07”; See Drysdale v. MTGA, 2 G.D.R. 17, 4 Am. Tribal Law 562, 2003 WL 25795206 (2003); are more “liberal” only as to the remedy, not as to the Plaintiffs burden of pleading and proving the substantive elements of the cause of action. As to (2), the evidence proffered by the Plaintiff consists of newspaper accounts of complaints to the State Liquor Commission. Such hearsay evidence is inadmissible and will not be considered on a Motion to Strike, where the Court must determine the legal sufficiency of the allegation of the complaint. Rules of Civil Procedure § 22.
Drysdale is not distinguishable from this case and, based on the reasoning therein, the Court grants the Defendants Motion to Strike Count Four.
COUNT THREE

RECKLESS MISCONDUCT

In Connecticut jurisprudence, reckless misconduct is recognized as a tort *584 separate and distinct from a tort based on negligence. Generally, Wright, Fitzgerald and Ankerman, Connecticut Law of Torts, Ch. VII (3d Ed.). Recklessness is more culpable than negligence, although short of intentional—it is such conduct as indicates a reckless disregard of the just rights or safety of others or the consequences of such action. Ibid. cf. Universal Concrete Pipe Co. v. Bassett, 130 Ohio St. 567, 200 N.E. 843 (1936) where the court noted that “conduct recklessly disregardful of an interest of another differs from negligence in several important respects ... [including] a pronounced tendency to regard reckless conduct as the legal cause of a particular harm, although the actor’s conduct if merely negligent would not have been so considered ... notwithstanding the difficulty of drawing the line between negligent and reckless conduct, these differences make it advisable to treat the two subjects separately.”
In Drysdale the complaint did not allege reckless misconduct. 2 G.D.R. at 17, 4 Am. Tribal Law at 565, 2003 WL 25795206, *3.[3] It addressed a claim of negligence in the sale to an intoxicated person. In recognition of the more serious culpability involved in reckless misconduct, and in recognition of the tendency to regard reckless conduct as the legal cause of a particular harm, although the Defendant’s conduct if merely negligent would not have been so considered, the court holds that the reasoning of Drysdale is not perforce applicable to the Reckless Count of the Plaintiffs complaint. The Defendant has not in brief or argument taken note of these distinctions and has advanced no persuasive argument, in support of its Motion to Strike the Reckless Misconduct count. As the Defendant concedes, the Court must construe the allegations of the complaint in light most favorable to the Plaintiff. E.g., Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). The Defendant not having offered any authority to the contrary, its Motion to Strike insofar as it could be construed to extend to Count Three, is denied.

ORDER

The Defendant Plan “B’s” Motion to Strike having been heard and considered, it is hereby ORDERED:
DENIED as to Count Three.
GRANTED as to Count Four.

. In Drysdale there was no allegation of reckless and wanton serving of alcohol. That :? claim is made in this case, and will be dis-v cussed, infra.

. The Court denied the Motion as to the cause | of action alleging that the Defendant failed to ⅞ provide a safe environment. 2 G.D.R. at 2.0, 4 Am. Tribal Law at 566, 2003 WL 25795206, *4. In the instant case, the Plaintiff was not s on the Defendant's premises when he was injured. Although the Plaintiff does allege in Count Four that the Defendant failed to provide a safe environment, the complaint does not allege that the Plaintiff was on any premises controlled by the Defendant Plan "B” at the time he sustained the injuries. Rather, it alleges that the Plaintiff was on premises controlled by the Defendant, MTGA. The complaint therefore, does not state a good cause of action for failure to provide a safe environment, as to the Defendant, Plan ''BA

. Therefore, die Drysdale court did not consider “whether or not the sovereign immunity of the Mohegan Tribe has been waived under the restrictive provisions of M.T.O. 98-1 with respect to claims of recklessness, rather than negligence, [which] would present a case of first impression for this court.” 2 G.D.R. 17, n. 1,4 Am. Tribal Law at 563 n. 1, 2003 WL 25795206, *4, n. 1. In this case the count in question is against the Defendant Plan "B”, a non-tribal entity. Thus there is no sovereign immunity issue.