MEMORANDUM OF DECISION ON DEFENDANT, PLAN “IF’, MOTION TO STRIKE

WILSON, Judge.
I.
This is the second Motion to Strike filed by the Defendant Plan “B” in this case. The first such motion was directed to the Plaintiffs second amended complaint which set forth two causes of action against Plan “B”: Count Three alleged a claim of recklessness; and Count Four a claim of negligence, in the serving of alcohol to the Plaintiff. The court granted the motion as to Count Four and denied it as to Count Three. Murphy v. MTGA, 3 G.D.R. 11, 6 Am. Tribal Law 580, 2006 WL 6181099 (2006). The facts, procedural background, and applicable law are set forth therein and will not be repeated here.
Following this decision the Plaintiff filed a fourth amended complaint (June 20, 2006). This complaint omitted the previous Count Two which had been directed against the Defendant Otis Elevator, Co., (as to which count the court had entered a summary judgment in favor of Otis), and renumbered the previous counts as to the Defendant, Plan “B”, including therein the previously stricken Count Four (negligence) renumbered as Count Three. The previous Count Three (Recklessness) was renumbered as Count Two. No changes were made in the allegations against Plan “B”.
The Defendant, Plan “B” has now moved again to strike the tvTo counts directed against it, on the grounds that, as to the negligence count, the court has already ordered it stricken, and as to the recklessness count, that the allegations “do not riseto the level of establishing a cause of action for common law recklessness.” In *424 response, the Plaintiff has formally withdrawn the negligence count, and therefore, that count need not be further addressed.
As to the recklessness count, the court will here reiterate the reason given for the previous denial of the Motion to Strike that count:
“The Defendant has not in brief or argument taken note of these distinctions [between recklessness and negligence] and has advanced no persuasive argument in support of its Motion to Strike the Reckless Misconduct count. As the Defendant concedes, the Court must construe the allegations of the complaint in light most favorable to the Plaintiff. E.g. Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 379, 698 A.2d 859 (1997). The Defendant not having offered any authority to the contrary, its Motion to Strike insofar as it could be construed to extend to Count Three, is denied.”
The present Count Two, to which the present motion is directed, contains allegations identical to those contained in previous Count Three. The Defendant has now taken note of the distinctions between recklessness and negligence, and has offered persuasive argument and authority in support of its motion. The motion is therefore granted.
II.
As noted, the allegation of the complaint is to be construed in the light most favorably to the Plaintiff. Count Two first incorporates the allegations of Count One, which is directed against the Codefendant, MTGA. The allegations of negligence thereby incorporated contain no allegations whatsoever invoking any act or omission of the Defendant Plan “B” in serving alcohol to the Plaintiff. They, therefore, set forth no cause of action of any kind against the Defendant Plan “B”.
The remaining substantive allegations against Plan “B” are that they “were reckless in that they served alcohol to the Plaintiff when the Plaintiff was intoxicated;” (Para 9); that they “served the Plaintiff alcohol and continued to serve the Plaintiff alcohol even with reckless disregard ivhen the Plaintiff was intoxicated;” (Para 10); and that the Plaintiffs injuries were caused by the recklessness of the Defendant “in that they a. continued to serve the Plaintiff alcohol after the Plaintiff was intoxicated.” (Para.12). (Emphasis added.)
The allegations of the previous negligence count against Plan “B” having been ordered stricken, and having been withdrawn by the Plaintiff, are not incorporated into the reckless count. Even if they were, they add nothing substantive to the allegations. In particular, there is nothing alleging that the Defendant knew of the Plaintiffs “intoxicated condition”, or knew that he was “an alcoholic person,” or knew that he showed “signs or symptoms to intoxication” or was “obviously intoxicated,” or was “incapacitated.”
The plaintiff alleges only the legal conclusion of recklessness; that the Plaintiff was intoxicated; and that the Defendant served him “when” or “after” he was intoxicated. Thei*e are no allegations that the Defendant had knowledge that the Plaintiff was intoxicated, or other facts that the Defendant’s state of mind evinced a reckless disregard of the rights or safety of the Plaintiff.
Both parties cite the Connecticut Superior Court case in Harrison v. McPherson, 2004 WL 335202, 2004 Conn.Super. LEXIS 266 (2004) in support of their respective positions. That case summarized the Connecticut law as follows:
“Our Supreme Court has recently reviewed the test for determining whether *425 a complaint states a cause of action in recklessness:
[The court must] look first to the definitions of willful, wanton and reckless behavior. Recklessness is a state of consciousness with reference to the consequences of one’s acts ... it is more than negligence, more than gross negligence ... The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them ... Wanton misconduct is reckless misconduct ... It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action.
While [the court has] attempted to draw definitional distinctions between the terms willful, wanton or reckless, in practice the three terms have been treated as meaning the same thing. The result is that willful, wanton, or reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent ... It is at least clear ... that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. Craig v. Driscoll, 262 Conn. 312, 813 A.2d 1003 (2003). To distinguish a claim of recklessness (statutory or common law) from one sounding in negligence, a plaintiff must allege “more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take precautions to avoid injury to them.” Du-bay v. Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988).
[A] complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is [being] relied on ... [A] brief reference to recklessness, contained within a count which otherwise is clearly limited to ordinary negligence is [not] sufficient to raise a claim of reckless and wanton misconduct. Simply using the word ‘reckless’ or ‘recklessness’ is not enough. ”
Kostiuk v. Queally, 159 Conn. 91, 94, 267 A.2d 452 (1970). For example in Morin v. Keddy, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV 90 0701113, 1993 WL 451449, 10 Conn. L. Rptr. 281 (Oct. 25, 1993) (Hennessey, J.), the court stated: “To survive a motion to strike, the plaintiff must plead actual facts which, indicate the defendant knowingly served, an intoxicated person, not just conclusions.” (Internal quotation marks and some citations omitted.)
Plaintiff relies on Harrison v. McPherson for the proposition that “mere duplication of factual allegations from a negligence count does not automatically render a claim of recklessness inadequate.” Id. at HN 12. From this the Plaintiff argues that it is sufficient to simply allege “recklessness” without any further factual predicates. The court does not agree. Harrison goes on to note that the complaint there (as to which the Harrison court denied a motion to strike) “alleges conduct that constitutes an extreme departure from ordinary care in a situation invoking a high degree of danger: providing alcohol to a minor after the minor displayed signs of intoxication; when Defendant knew or should have known that the minor had become inebriated; and thereafter allowing said minor to operate a motor vehicle *426 and failing to-warn Plaintiff of the minor’s intoxicated state. Such allegations sufficiently allege willful, wanton and reckless conduct to survive a motion to strike.” Harrison v. McPherson, supra., 2004 WL 335202 at *3 (Emphasis added.)
There are no factual allegations in the complaint here, construed most favorably to the Plaintiff, that allege any such “willful, wanton, and reckless conduct” or “conduct that constitutes an extreme departure from ordinary care in a situation invoking a high degree of danger.”
As opposed to mere carelessness in serving the Plaintiff (if such be the case) there are no facts alleging that the Defendant had actual knowledge of any impaired condition of the Plaintiff, or alleging any other similar state of the mind, or state of consciousness, with reference to the consequences of the Defendant’s acts. Cf. Craig v. Driscoll, 262 Conn. 312, 342, 813 A.2d 1003 (2003); see also Drysdale v. MTGA, 2 G.D.R. 17, 4 Am. Tribal Law 562, 2003 WL 25795206 (2003).
The Motion to Strike of the Defendant Plan “B” is Granted.